COMMONWEALTH *vs.* THOMAS GATELEY.

Essex. November 8. — 22, 1878. ENDICOTT & LORD, JJ., absent.

An indictment charged A. with the embezzlement of treasury notes and national bank bills. The evidence showed that A. was entrusted by his employer with a bank check payable to bearer, for the purpose of paying a note, without any direction whether to pay the note with the check or to draw the money on the check and then pay the note; that generally notes were paid with checks, but the practice was not uniform; that while the check was in A.'s possession he made up his mind to take his employer's funds in his possession and use them; and drew the money on the check. *Held*, that whether there was a variance was a question for the jury.

INDICTMENT, under the Gen. Sts. c. 161, § 38, charging Charles L. Swasey with embezzling "three treasury notes, of the denomination and value of one hundred dollars each, three national bank bills, of the denomination and value of one hundred dollars each, three other notes of kinds to said jurors unknown, of the denomination and value of one hundred dollars each, divers other notes of kinds and denominations to said jurors unknown, of the value of one thousand dollars, all of said notes and bills being then and there current as money," and the defendant with feloniously receiving and aiding in concealing the same.

At the trial in the Superior Court, before *Pitman*, J., Swasey testified, for the government, that, at the time of the embezzlement, he was a clerk in the employ of the firm of Henry Poor & Son; that he had general charge of the firm's bank account; that on the day of the embezzlement he went to the Hide and Leather Bank, with the firm's bank book containing a number of checks,

to make a deposit; that he also took with him the firm's check on that bank for $2350, for the purpose of paying a note of the firm for that amount, due that day and payable at the Bank of the Commonwealth; that he deposited the checks, with the exception of the one for $2350, which he retained in his possession, and went to dinner; that while at dinner he thought of taking the funds of the firm in his possession and using them; and finally made up his mind so to do; that instead of going to the Bank of the Commonwealth and paying the note with the check, he returned to the Hide and Leather Bank, drew the money upon the check, and used it. On cross-examination, he testified that he received no direction from his employers whether to pay the note with the check, or to draw the money and pay the note with it; that there was no unvarying custom of the firm in this respect, but generally notes were paid with checks; that in this case, if he had intended to pay the note with the check, he should not have drawn the money thereon, on account of the inconvenience of carrying so large a sum of money; and that the check in question was made payable to bearer.

John O. Poor, one of the firm, testified that this check was delivered to Swasey, and it was his duty to pay the note; that he presumed the course of business was to draw the money on checks and pay notes, but understood it was not the universal practice.

The defendant asked the judge to rule that there was a variance, as the evidence showed that a check was embezzled, and not treasury notes and bank bills, as alleged in the indictment. The judge declined so to rule, and ruled that it was a question for the jury whether Swasey embezzled a check or treasury notes and bank bills.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The indictment charges that Swasey embezzled treasury notes and national bank bills. The defendant contends that the evidence showed an embezzlement of a bank check, and therefore that there was a variance. But we are of opinion that the court properly left this question to the jury.

The evidence tended to show that Swasey had the right, in the course of his duty, to present the check at the bank, and draw the money upon it. There was no evidence that he made any use of the check except to draw the money upon it. The jury might well find, upon the evidence, that there was no misappropriation or conversion of the check, and that the embezzlement by Swasey of the property of his employers was not completed until after he had drawn the money from the bank.

*Exceptions overruled.*