THE STATE *vs.* MATTHEW C. HANLEY.

First Judicial District, Hartford, Oct. Term, 1897. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The charge of embezzling "moneys" under § 1580 of the General Stat-
utes, cannot be supported by proof of embezzling a chose in action.

The defendant was charged with receiving, as agent, $63 in money and
embezzling the same. The proof showed that he received an order
for the payment of $230, agreeing to collect the same, to retain $167
of the proceeds in discharge of a debt due himself, and appropriate
the balance as his principal directed, and that before the order was
payable he indorsed it over to another in payment of his own debt.
*Held* that a charge to the jury that such indorsement was an appro-
priation of the money of his principal, as charged in the complaint,
was erroneous.

The trial court may properly refuse to charge the jury in respect to
matters which are not pertinent to the case.

The drawer of the order testified that the defendant agreed to pay a
part of the proceeds when collected, to one *S*, to whom the drawer
was indebted. *Held* that *S* might testify, in corroboration of this
evidence, that the defendant had afterwards said to him that he,
the defendant, would pay his (*S's*) claim.

[Argued October 5th, 1897—decided January 21st, 1898.]

INFORMATION for embezzlement, brought to the Superior
Court in Litchfield County and tried to the jury before *Ralph
Wheeler, J.;* verdict and judgment of guilty, and appeal by
the accused for alleged errors in the rulings and charge of
the court. *Error and new trial granted.*

The accused also moved for a new trial for a verdict against
evidence, which the trial court denied; and thereupon a sim-
ilar motion was made and addressed to this court, under Chap.
51 of the Public Acts of 1893. *Motion for a new trial upon
this ground denied.*

The second count in the information, upon which the de-
fendant was convicted, was as follows: "And said attorney
further informs and gives this honorable court to under-
stand, that on the 16th day of December, 1895, at Thomas-
ton aforesaid, the said Matthew C. Hanley was the agent of
said Henry A. Episcopo to collect and receive from the Ab-

bott Brothers Company of Waterbury, Connecticut, the sum of two hundred and thirty dollars, which sum was then due and belonging to said Henry A. Episcopo, and to pay from and out of said sum so collected and received as agent aforesaid, the sum of one hundred and sixty-seven dollars, then and there agreed to be due said Hanley from said Episcopo, and to turn over and deliver to the said Henry A. Episcopo, and for and in his behalf, the balance of said sum, viz: sixty-three dollars; and as such agent the said Matthew C. Hanley did then and there receive and take into his possession said sum of sixty-three dollars, for and in behalf of said Episcopo, and then and there with force and arms, did fraudulently, feloniously, and with intent to defraud the said Henry A. Episcopo, take, purloin, secrete and appropriate to his own use said sum of sixty-three dollars, against the peace and contrary to the form of the statute in such case provided."

The finding of facts was as follows : On the trial of the above entitled action, the State claimed to have proved : " 1. That for two or three years prior to Dec. 6, 1895, the accused, Matthew C. Hanley, carried on the liquor business in Thomaston. 2. That during this time one Henry A. Episcopo was the interpreter and purchasing agent for certain Italian laborers then at work in said Thomaston, and as such purchased from the said Matthew C. Hanley intoxicating liquors and cigars. 3. That on Dec. 6, 1895, said Episcopo was indebted for goods purchased from the said Hanley, in the sum of $167, as settled and agreed upon by said Episcopo and Hanley. 4. That on December 6, 1895, the Abbott Bros. Co. of Waterbury, Conn., were indebted to the said Episcopo in the sum of $230. 5. That on said Dec. 6, 1895, the said Episcopo delivered to the said Hanley a written order on said Abbott Bros. Co. for the sum of $230, which order had been duly accepted by said Abbott Bros. Co. to be paid on the 20th of Dec. 1895; the said Episcopo delivered said order to said Hanley upon agreement that the said Hanley should collect said sum of $230, when due and payable, and pay therefrom his own claim of $167 against

State *v.* Hanley.

said Episcopo, and should pay the remaining $63, belonging to said Episcopo, as follows, viz.: the sum of $11 or $12, to one ———— Smith of Thomaston, and the sum of $15 to one ———— Welton of said Thomaston, to whom said Episcopo was severally indebted in said amounts, and remit the balance of said sum of $63, to said Episcopo. 6. That said Hanley assigned, transferred and delivered said order on the Abbott Bros. Co., to one Robert Lowe of Waterbury, to whom it was paid by said Company. It appeared from the testimony of Hanley (and no other evidence was offered on this subject), that said order was assigned and transferred to said Lowe by said Hanley to pay and satisfy a .bill that Hanley owed said Lowe. 7. In corroboration of the statement of said Episcopo, the State offered the testimony of one ———— Smith, who was the same Smith alluded to in paragraph 5 as the creditor of Episcopo, that in the latter part of December, 1895, Hanley told said Smith that he would pay his bill against Episcopo. To this evidence Hanley objected, on the ground that it was immaterial, improper and irrevelant, and that the statement was made after the offense was claimed to have been committed. The court overruled the objection, admitted the testimony, and Hanley excepted. 8. The said Hanley admitted that he received said order on Abbott Bros. Co., but testified that on the 6th or 7th day of December, 1895, he paid to said Episcopo the sum of $65, as and for the difference between the amount of said order and Episcopo's indebtedness to him. 9. The said Hanley made the following requests to the court to charge the jury, to wit: '*First.* That even if it was proved that the defendant delivered the order on the Abbott Company to the attorney Lowe, and Lowe collected the same and appropriated the proceeds thereof to the payment of the defendant's debt with the consent of the defendant, that this would not constitute embezzlement under our statute. *Second.* That as part of this money for which this order was given belonged to the defendant; and as this part had not been separated at any time from the part which belonged to Episcopo, that under such circumstances no part of the

money in question was the property of another, within the meaning of our statute against embezzlement.' The court did not charge the jury as requested, but did charge them as follows: 'And the attorney says that from the evidence, the accused undoubtedly was the agent—special agent—of Episcopo for the collection of that money, and for the disposal of it in the manner agreed upon between them. And the State goes further, and says that being thus the agent of his principal, he endorsed over this order on Abbott Brothers to a Mr. Lowe—if that was the name—to pay Hanley's indebtedness to Lowe; and that the full amount of money for which the order was drawn upon Abbott Brothers, was paid by Abbott Brothers to Mr. Lowe. Now I have to say to you, that if the accused did receive this order for the amount named, and if by their agreement he was to dispose of it as Mr. Episcopo says, and, if in the transaction of this business, instead of collecting the money and disposing of it as agreed, he endorsed that order over to his own creditor, and thus paid his own debts with the money, that would be such an appropriation as would be contemplated by this statute. If he thus appropriated, while agent, the money of his principal, with the intent to defraud that principal, then the full offense was committed. Of course, to be guilty in this transaction you must find beyond a reasonable doubt that there was not only an agency and the appropriation of the money, but that the accused intended at the time of the appropriation to defraud his principal, and these are the questions presented to you upon the evidence.' To the refusal to charge as requested, and to the charge as actually delivered by the court, the defendant duly excepted. The jury returned a verdict of guilty, which was accepted by the court, and the defendant appealed."

*John O'Neill*, for the appellant (the accused).

The defendant requested the court to charge that as part of the money for which the order was given belonged to the accused, and this part had not been separated from the part which belonged to Episcopo, no part of the money in ques-

tion was the property of "another" within the meaning of our statute relating to embezzlement. The court did not charge as requested, but did charge that the accused would be guilty under such circumstances. The court erred in its charge on this subject, and also in refusing to charge as requested. *State* v. *Kent*, 22 Minn. 41; *Holmes Case*, 2 Lewin, 256; 2 Archb. Crim. Pr. & Pl., 569, note; 2 Bish. Cr. Law, 335 note 3, 355, 356; *Rex* v. *Hoggins*, Russ. & Ry. 145; *Com.* v. *Stearns*, 2 Metc. 343; *Com.* v. *Libbey*, 11 id. 64; *Com.* v. *Foster*, 107 Mass. 221.

*Donald T. Warner*, State's Attorney, with whom was *James Huntington*, for the appellee (the State).

If the accused had personally received the $230 in actual cash, his own part would have come to him mingled with Episcopo's. If he intended to embezzle the $63, his separating of the funds into two parts, his own $167 and Episcopo's $63, and applying his own share of the avails to pay his own debt and then converting Episcopo's share to his own use, would not make his guilt any more real or plain, than to apply the whole order to discharge his own indebtedness. With this intent, he commits the crime, whether he does at the same time some rightful thing or not. The defendant's theory is that because some part of the order belonged to Hanley, his application of the whole order, and the part which confessedly was not his, would not be embezzlement. But whatever the law may be in case of a person dealing as a broker or commission agent, with authority to mingle funds in the absence of any special bargain, in this case, where the trust was explicit and authority express to pay the $63 remaining after his own debt was liquidated, for and in behalf of Episcopo, the accused by converting the $63 was guilty of embezzlement. 2 Bish. Cr. Law, § 371.

HAMERSLEY, J. Theft, as distinguished from embezzlement, is taking property of another from the possession of the owner, with intent to defraud. Embezzlement, as distinguished from theft, is taking property of another in the

possession of the accused, with intent to defraud. The crimes are essentially the same; but most unfortunately are, for the purposes of prosecution, entirely distinct. The one demands, as an essential element a trespass, a breach of technical possession; the other cannot be committed unless the element of trespass or breach of technical possession is absent. The former is a crime at common law; the latter is a statutory offense.

In this State embezzlement was not made a crime until 1829. It was not mentioned in the Digest of JUDGE SWIFT, because it was not a crime at the time he wrote. In the editions published since his death it is not mentioned, except in a single brief form. We have never had occasion to discuss the statutes which, since 1829, have created the different offenses classed as embezzlement. There are only three reported cases under the statutes, and these involve a very slight consideration of the nature of the crime. The offenses, however, are governed by the rules common to all statutory offenses, and these rules are well settled.

The case before us is a prosecution under § 1580 of the General Statutes, which provides that "any agent of any private individual, who shall take, purloin, secrete, or in any way appropriate to his own use, or to the use of others, any of the goods, moneys, or choses in action, belonging to such individual, with intent to defraud another," shall be imprisoned. The conditions of the offense under this provision, as charged in the complaint, are: an agency within the meaning of the statute; specific property the subject of the crime, *i. e.*, things that are within the meaning of the statute, either goods, moneys, or choses in action; receipt of the property specified, by an agent on behalf of the person who is the principal; ownership by the principal of the property so received by the agent—an ownership, however, unaccompanied by the technical possession of the principal essential to the crime of theft; and an appropriation of the property by the agent with intent to defraud.

No claim is made that these elements of the crime are not properly alleged. . The property which is the subject of the

crime is described as "the sum of sixty-three dollars." This is equivalent to "sixty-three dollars in money," or "certain money of the amount of sixty-three dollars;" or, as stated in the form in Swift, "ten eagles." The complaint does not charge the embezzlement of any goods, nor of any chose in action; unless it charges the embezzlement of "moneys," no crime is charged. The complaint, therefore, alleges that the accused, Hanley, being the agent for that purpose of one Episcopo, did receive and take into his possession for said Episcopo, certain moneys of the amount of sixty-three dollars, and with intent to defraud said Episcopo did appropriate to his own use said moneys belonging to said Episcopo.

It appears from the record that the trial disclosed, as conceded, the following facts: On December 6th the firm of Abbott Brothers owed Episcopo $230, and Episcopo owed Hanley $167; Episcopo drew an order on Abbott Brothers for $230, in favor of Hanley, which order was accepted by Abbott Brothers "payable December 18th," and, so accepted, was received by Episcopo in payment of the debt due him. On December 6th or 7th Episcopo delivered the order to Hanley. On December 18th, one Lowe presented the order to Abbott Brothers, who paid the amount ($230) to said Lowe.

The State claimed also to have proved that at the time of the delivery of the order to Hanley he agreed, as agent of Episcopo, to collect the order when it became due, to pay from the amount collected his own claim of $167, to pay $11 or $12 to one Smith, and $15 to one Welton (to whom said Episcopo was severally indebted in said amounts), and to remit the balance to said Episcopo; and that Hanley assigned and delivered said order to Lowe to whom it was paid.

The defendant claimed to have proved that no agreement of agency was made by him; that shortly after the delivery of the order he paid Episcopo in cash the difference between the amount of the order and the amount of Episcopo's debt to him; and that he transferred and delivered the order to Lowe in payment of a bill he owed Lowe.

The controlling fact to be found from conflicting evidence was the fact of agency. As to this the testimony was in

State *v.* Hanley.

direct conflict, and undoubtedly the attention of the jury was centered on this contested fact. But there was in the case the further fact, equally essential to guilt, that Hanley in pursuance of the agency did, as charged in the information, "receive and take into his possession" and fraudulently appropriate to his own use, money belonging to Episcopo. This fact was not directly the subject of conflicting testimony, but had to be inferred from other facts; and an accurate statement by the court of the law applicable to the facts, was essential to its determination by the jury. It is in the statement of this law that the court below has erred. The accused requested the court to charge that "even if it was proved that the defendant delivered the order on the Abbott Company to attorney Lowe, and Lowe collected the same and appropriated the proceeds thereof to the payment of the defendant's debts with the consent of the defendant, that this would not constitute embezzlement under our statute." The request does not accurately express the essential point of law the accused was entitled to have stated. For this reason, perhaps, the appeal does not specify as error the refusal of the court to charge as requested; it does, however, assign as error, in the fifth reason of appeal, the charge as given. The court tells the jury, in stating to them the law applicable to the facts as claimed by the parties, that if the accused received the order upon an agreement of agency as claimed by the State, and if "instead of collecting the money and disposing of it as agreed, he endorsed that order over to his own creditor, and thus paid his own debts with the money, that would be such an appropriation as would be contemplated by this statute;" meaning, of course, that it would be an appropriation of moneys received by Hanley and belonging to Episcopo.

The error here is plain. Whether the sale of that order to a *bona fide* purchaser, under the circumstances detailed, would or would not be the embezzlement of a chose in action, within the meaning of the statute, is not the question; the only question is, would it be the embezzlement of money, the property of Episcopo? Until that order became due, Episcopo owned no money in the hands of Abbott Bros., or

of Hanley; there was no money which could be the subject
of the crime.   Abbott Bros. might pay the order with money,
and if that money came into the possession of Hanley he
might embezzle it.    But he could not embezzle it before
payment and possession; because the existence of money as
the subject of the crime, and its possession by the agent, are
essential elements of the crime as alleged.    If the charge of
the court is correct, then the crime of embezzling the money
of Episcopo was complete when Hanley transferred the order
to Lowe in satisfaction of an existing debt.    This cannot be
true, unless the charge of embezzling "moneys" may be sus-
tained by proving the embezzlement of goods or of choses in
action.    We deem it clear that this section of the statute
defines the subjects of embezzlement substantially as the
subjects of theft are defined.    Whatever difference there
may be between theft and embezzlement in following the
identity of articles specified in the indictment, the kind of
property which is the subject of the crime charged must in
both cases be proved as alleged.

If the indorsement to Lowe was a mere cover, so that
Lowe became, not the *bona fide* owner of the chose in action,
but only the agent of Hanley to receive the money for him,
and Hanley directed the misappropriation of the money so
received, then the crime as alleged was complete.    It may
be possible that the testimony might have justified the jury
in finding that Hanley's claim of an assignment or sale to
Lowe in satisfaction of a debt, was not true, and that Han-
ley collected the order and received the money and appro-
priated it to his own use after it came into his possession.
But the court was bound (whether requested to do so or not)
to properly submit this question to the jury; and could not
take it from them by an instruction that Hanley's sale of the
order before it was due, in satisfaction of a debt, was con-
clusive proof of the allegation that he received into his pos-
session money belonging to Episcopo, and appropriated that
money to his own use.    The apparent cause of the error lies
in the assumption that before the accepted order was due,
Episcopo owned "moneys," within the meaning of the stat-

ute, in the hands of Abbott Brothers; and that these moneys while in the hands of Abbott Brothers were in the possession of the agent Hanley, and were the subject of embezzlement by him as "moneys," under the statute. Possibly the error arose from confounding the relation of agency under § 1580, with the relation of a trustee of an express trust to his trust fund, under § 1579. However that may be, the error was a material one; it might have been and probably was decisive of the question of guilt or innocence of the crime charged.

The other errors assigned furnish no ground for a new trial. Those specified in the first three reasons of appeal relate to the refusal of the court to charge in respect to matters which do not appear to have been pertinent to the complaint and proof. The ruling on evidence specified in the fourth reason was unobjectionable. The 6th reason is too general to be considered.

The motion for a new trial for a verdict against evidence, is denied.

There is error, the judgment of the Superior Court is set aside, and the cause remanded for further proceedings according to law.

In this opinion TORRANCE and BALDWIN, Js., concurred; ANDREWS, C. J., and HALL, J., dissented.