## THE STATE v. BACON, Appellant.

### Division Two, November 18, 1902.

Embezzlement: FORMER ACQUITTAL. The defendant was by one Cheney entrusted with a pension check for $36 in Douglas county, which he was to take from that county to Norwood, in Wright county, and cash, and return with the money to Cheney in Douglas county. He was tried for embezzlement in Douglas county and acquitted, and subsequently was indicted in Wright county for embezzling the money. *Held*, that, as the informations in both cases showed clearly that defendant was entitled to and did take the check to Wright county and cash the same, he was not, in so doing, guilty of a breach of duty or of any crime, and was therefore properly acquitted in Douglas county of embezzling the check. But in appropriating to his own use the money realized by him in cashing the draft in Wright county, if he did so with a fraudulent intent without Cheney's consent, he was guilty of embezzling the money in Wright county, and, hence, his former acquittal in Douglas county was no bar to his conviction in Wright.

Appeal from Wright Circuit Court.—*Hon. Argus Cox, Judge.*

AFFIRMED.

*S. P. Smith* for appellant.

*Edward C. Crow,* Attorney-General, for the State.

The plea in bar was not sufficient and was properly overruled. The defendant had a right to the possession of the draft to take it to Wright county to have it cashed. Up to the time he cashed it he was carrying out the purpose for which he was entrusted with the draft. A failure to have cashed it on his part would have been a neglect of the duty he assumed when he agreed to take it to Wright county and cash it. This being so, necessarily he embezzled the money at the

place where he received it, to-wit, in Wright county. He never had possession of the money in Douglas county. For these reasons, he did not commit the offense of embezzlement in Douglas county and the circuit court of said county never had any jurisdiction to try him for embezzling the money he received in Wright county. The plea in bar was intended as a plea of *autrefois acquit*. The rule of law is that *autrefois acquit* is sustained when the former indictment might have been maintained by proving the offense charged in the second and this would make a prima facie case for the prisoner. State v. Moore, 66 Mo. 372; Campbell v. People, 109 Ill. 545.

BURGESS, J.—Defendant was convicted in the circuit court of Wright county under an information in two counts, filed against him by the prosecuting attorney of said county, in one of which he is charged with embezzling as bailee thirty-six dollars in money belonging to one Cheney, and, in the other, he is charged with embezzling the same money as the agent of said Cheney. His punishment was fixed at two years' imprisonment in the penitentiary. After unsuccessful motions for new trial and in arrest defendant appeals.

Defendant filed a plea of *autrefois acquit,* in which he alleged that he had been tried and acquitted of the same offense in Douglas county, Missouri.

The facts constituting the offense charged in both informations were that the defendant was by Cheney entrusted with a pension check for thirty-six dollars in Douglas county, which he was to take from that county to Norwood in Wright county, Missouri, and cash, and return with the money to Cheney in Douglas county. The information in each case showed clearly that the defendant was entitled to and did take the draft to Wright county and cash the same.

Under the instructions given by Cheney to defendant he was vested with authority to take the draft to Norwood in Wright county to have it cashed, and, in so doing, was not guilty of a breach of duty, or of any

crime; and was, therefore, properly acquitted in the circuit court of Douglas county of embezzling the draft. But with respect to the money realized by him upon the draft, he had no authority from Cheney, to whom it belonged, to do otherwise with it than to deliver it to him, and, in appropriating it to his own use, if he did so with a fraudulent intent without Cheney's consent, he was guilty of embezzlement. This was the theory upon which the case was tried, and was the proper one.

The instructions were free from objection and covered every feature of the case, and as the verdict was well warranted by the evidence and the record free from error, we affirm the judgment.

All of this Division concur.