[Crim, No. 318. First Appellate District.—May 15, 1910.]

THE PEOPLE, Respondent, v. SPUROS MESEROS, Appellant.

CRIMINAL LAW — EMBEZZLEMENT OF MONEY BY CASHING CHECKS — VENUE.—In a criminal prosecution for the embezzlement of money obtained by the cashing of checks in San Francisco, which were intrusted to the defendant in Alameda county, where there is no charge of embezzlement of the checks, the proper venue is in the city and county of San Francisco, and the prosecution therefor in Alameda county, without any evidence of the receipt or appropriation of any money therein, is without authority.

ID.—BURDEN OF PROOF OF VENUE.—The burden is upon the prosecution to prove the venue as charged in the information.

ID.—VARIANCE IN PROOF—CHECKS NOT MONEY—Proof of the embezzlement or larceny of checks, in the county of the venue, will not support a charge of embezzlement or larceny of money therein. The contention that checks are money is without support.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Walter R. Dunn, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HALL, J.—Defendant was convicted of the crime of embezzlement and moved for a new trial, which being denied and judgment rendered, he took an appeal to this court from the judgment and order denying his motion for a new trial.

It is charged in the information that defendant, as the servant and agent of Michael Eftimakis, at the county of Alameda, on the seventh day of July, 1910, came into the possession of $88.60 in lawful money of the United States of the personal property of said Eftimakis, and then and there at said county of Alameda did fraudulently embezzle and appropriate the same to his own use.

The defendant introduced no evidence at the trial.

The testimony of the prosecution tended to prove without conflict that defendant was given by the prosecutor two pay checks, issued by the Southern Pacific Railroad Company, for the purpose of having them cashed. The checks were each for the sum of $44.30. Defendant, by direction of the prosecutor, indorsed each of the checks by signing the name of the payee thereon. He then took them to San Francisco, where he disposed of each of them. He transferred each of them to a different storekeeper in payment for articles that he purchased for his own use, and secured a balance in cash upon each transaction. Each check was disposed of by defendant in San Francisco, and whatever money he received upon the checks was received in San Francisco. He was subsequently arrested on this charge in San Francisco; and there is not one word of evidence in the record that he ever returned to Alameda county until taken there in custody of the arresting officer; and certainly there is no evidence in the record that tends to show that he ever took any of the money into Alameda county or embezzled any of the money in said county.

Under this state of the evidence appellant contends that the evidence is insufficient to support the charge made in the information, for the reason that the evidence shows that the money was both received and embezzled in San Francisco and not in Alameda county. This contention must be sustained.

The venue must be proved as charged. (*People* v. *Parks,* 44 Cal. 105; *People* v. *Roach,* 48 Cal. 382; *People* v. *Bevans,* 52 Cal. 470; *People* v. *Murphy,* 51 Cal. 376; *People* v. *Aleck,* 61 Cal. 138.) There is in the record no evidence of either the receipt or appropriation of any money in Alameda county.

True, the pay checks were intrusted to defendant in Alameda county, and it may be that he conceived the intent in

Alameda county to appropriate the checks to his own use. But he was not charged with the embezzlement of checks, but with the embezzlement of money. Proof of the embezzlement or larceny of a check will not support a charge of embezzlement or larceny of money. (*Carr* v. *State,* 104 Ala. 43, [16 South. 155] ; *State* v. *Hanley,* 70 Conn. 265, [39 Atl. 148] ; *State* v. *Mispagel,* 207 Mo. 557, [106 S. W. 513] ; *Lancaster* v. *State,* 9 Tex. App. 393; *Goodhue* v. *People,* 94 Ill. 37. See, also, *State* v. *Bacon,* 170 Mo. 161, [70 S. W. 473] ; *Commonwealth* v. *Wood,* 132 Mass. 250; *Commonwealth* v. *Gately,* 126 Mass. 52.)

The cases of *People* v. *Whalen,* 154 Cal. 472, [98 Pac. 194] , and *People* v. *Leavens,* 12 Cal. App. 185, [106 Pac. 1103], relied on by respondent, are not in point. In the first of these cases, Whalen, by false pretenses, obtained from the prosecutor, at Sacramento, a check drawn on a New York bank. It is perfectly apparent from the reading of the opinion in the case, that the court was of the opinion that the evidence justified the conclusion that the check was in due course cashed and the money returned to the defendant at Sacramento. But however that may be, some of the criminal acts, to wit, the false pretenses, were committed at Sacramento. The case in no wise justifies the contention that checks are money.

The Leavens case was one of obtaining money by false pretenses, in which defendant procured a check by false pretenses at San Francisco, drawn on a bank at San Francisco, and cashed it at said bank.

The judgment and order are reversed.

Kerrigan, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 14, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1911.