THE STATE OF CONNECTICUT *vs.* HERBERT B. LANYON.

Third Judicial District, New Haven, June Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

Embezzlement is a statutory crime, differing from larceny in that it lacks that element of trespass, or breach of the technical possession, which is essential to the commission of the common-law offense.

A general claim collector, when employed to collect accounts upon commission, becomes the creditor's "agent" within the meaning of that word as used in General Statutes, § 1413, relating to embezzlement.

Upon a prosecution for embezzlement, the trial court charged the jury that if the accused retained the moneys in question as security for costs in actions begun by him to collect other accounts of the same creditor, as contended by him, and did so in the honest belief that he had the right to so retain them, he would not be guilty of embezzlement, since the necessary fraudulent intent to permanently deprive the creditor of his money would be absent. *Held* that this instruction was in substantial compliance with the request of the accused, as well as a full and complete statement of the law applicable to the question of intent.

To an objection that certain evidence offered by the State in chief was properly rebuttal testimony, the State's Attorney replied that there might be no defense, that the accused might not go upon the stand. *Held* that such reply was not a violation of the statute (§ 1509) which prohibited comment upon the neglect or refusal of the accused to testify.

In argument to the jury the attorney for the State remarked that it was apparent the defendant was unable to pay over to the complainants the money belonging to them; and upon objection the court allowed it to stand, upon the ground that such inability might be a possible inference from the fact that the money had not been paid over. *Held* that the remark and ruling furnished no sufficient reason for granting a new trial.

Statutes of other States, and the construction placed upon them by their courts, are of but little assistance in construing our own enactments, unless the two are in substantially the same language.

Argued June 8th—decided July 12th, 1910.

INFORMATION for embezzlement, brought to the Superior Court in Fairfield County and tried to the jury

before *Williams, J.;* verdict and judgment of guilty on each of the five counts, and appeal by the accused. *No error.*

*George P. Rowell* and *Russell Porter Clark,* for the appellant (the accused).

*Homer S. Cummings,* for the appellee (the State).

THAYER, J.    Section 1413 of the General Statutes provides as follows: "Every auctioneer, commission merchant, factor, or broker, and every agent or attorney of any private corporation, voluntary association, business house, or private individual, who shall take, purloin, secrete, or in any way appropriate to his own use or to the use of others, any of the goods, moneys, choses in action, or property in his care or custody as such auctioneer, commission merchant, factor, broker, agent, or attorney, or any moneys received by him for the sale of such goods, choses in action, or property, or collected by him as such auctioneer, commission merchant, factor, broker, agent, or attorney, with intent to defraud another, . . . shall be fined," etc.   The defendant was prosecuted upon an information containing five counts, each counting upon this statute and charging him, as agent, with the embezzlement of a sum of money belonging to the person named in such count and received by the defendant as his agent.   The verdict was guilty upon each count.   The defendant appeals, assigning fifty-seven reasons of appeal.   These have been discussed by his counsel in their brief and oral argument under five heads, which it will be convenient to follow.

It appears to have been an undisputed fact upon the trial that the defendant for some years prior to the alleged offenses had been engaged in the business of collecting accounts, for the most part those known as

"bad debts." The State claimed to have proved that the complainant in each of the counts, at the solicitation of the defendant, had placed in his hands sundry accounts for collection, under an agreement that there should be no expense to the owner of the claims, that the defendant's commission for collection should be from ten to fifty per cent. of the amount collected, according to the trouble had in making the collection, and that he should pay over to the owners of the claims the amounts collected, less his commission, as soon as collected. The defendant claimed that upon this state of facts he was not the complainant's agent within the meaning of the statute; that the money when collected was the joint property of himself and the complainant, and that his failure to account for the complainant's portion of it would not be embezzlement under the statute. Several of his requests to charge were based upon this view of the law, and the court's refusal to give them is assigned as error.

Embezzlement is made a crime by statute. It was not a crime at common law. The unlawful appropriation of money and other chattels, made punishable by these statutes, falls short of the common-law crime of larceny, because there was no felonious taking. The property being in the lawful possession of the party who appropriated it, there was no trespass or breach of the technical possession which is essential in the case of larceny. *State* v. *Hanley*, 70 Conn. 265, 270, 39 Atl. 148. While the act, considered from the moral standpoint, is as bad as theft, it did not fall within the category of crimes at common law. It was a mere breach of trust. The legislature had the power to make such acts crimes and has done so. The acts which are thus made criminal, and the persons to be affected by the enactments, must be determined from the terms of the statute. Statutes of other States and the construction

which has been placed upon them can be of little help in construing our statute, unless such statutes are in substantially the same language as ours. Under the earlier statutes of several of the States which provided a punishment for any agent, clerk, or servant of any. private person, who should convert to his own use money or property of another which should have come into his possession by virtue of such employment, it was held that one doing a general collection business was not included in the term "agent." In *Commonwealth* v. *Libbey*, 11 Met. (Mass.) 64, 66, relied upon by the defendant, it was said that such agents and commission merchants, auctioneers, and attorneys, stand upon a different footing from servants and special agents, and are not within the term "agent" as used in such a statute. This case refers to the earlier one of *Commonwealth* v. *Stearns*, 2 Met. (Mass.) 343, which was the case of an auctioneer who had sold goods of the complainant and appropriated the proceeds. It was held that he was not an agent within the meaning of the statute; the court saying that he had the right to mingle the money received for the complainant's goods with that received for other persons' goods sold by him, and that he was a mere debtor of the complainant. In other States similar rulings are found in cases arising under similar statutes. Prior to 1897 our corresponding statute relating to embezzlement provided that "any agent of any business house or private individual, who shall take, purloin, secrete, or in any way appropriate to his own use, . . . any of the goods, moneys, or choses in action, in the care or custody of, belonging to, or deposited with, such . . . house, or individual, with intent to defraud another," should be punished. General Statutes (Rev. 1888), § 1580. In the civil action of *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 16 Atl. 554, this court was asked to rule that a con-

signee of goods to be sold on commission could not be guilty of embezzlement under this statute. The point was not decided. The court, however, said that such a consignee belonged to that class of agents called "factors," and that the court was not prepared to say that he was not within the purview of § 1580. After this decision, § 1580 was repealed, and the present statute enacted in its place. Public Acts of 1897, Chap. 137, p. 845. By this Act commission merchants, auctioneers, factors, brokers, attorneys, and agents are made amenable for the misappropriation of money, goods, or choses in action which are in their care and custody in such capacity, and for money received by them for the sale of such goods or choses in action, or collected by them in such capacity. This language is broad and comprehensive. It includes all auctioneers, commission merchants, factors, brokers, and agents, those employed in a general business as well as those specially employed, those who do the business upon commission, and those who do not so act. There is no reason for saying that a narrower meaning was intended. Factors, brokers, and commission merchants ordinarily work upon commission. In the decisions to which allusion has been made and upon which the defendant relies, this class of agencies were held not to be included in the statutes referring to clerks, agents, and servants. It was doubtless in view of these decisions that the language of the present statute was used, and to settle any question which might exist in this State as indicated in the case of *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 16 Atl. 554. We think that a collection agent engaged in the general collection of claims, when employed by another to collect accounts upon commission, is an "agent" within the meaning of the statute. The charge of the court taking this view was correct, and the refusal to charge

the defendant's requests based upon the opposite view was proper.

The defendant claimed to have proved that any money of any complainant which had been retained by him was so retained as security for costs in actions which he had begun upon other accounts of such complainant, and was retained in the honest belief that he had the right to so retain it and with no criminal intent or intent to appropriate it to his own use. To constitute embezzlement under the statute, the appropriation of another's money or choses in action must be "with intent to defraud." The jury were instructed that this meant, as applied to this case, that the party accused must have intended to permanently deprive the persons named in each count of the moneys therein named. The court called their attention to the claim of the defendant that it was retained on account of the suits brought for expenses incurred and under an honest belief that he had a right to retain it, and charged them that "if the moneys shown to have been retained by the accused were so retained by him under a belief, honestly entertained by him, that he had the right so to retain the same, he would not be guilty of embezzlement of such money as to which such belief obtained, even though he had in fact no right to retain such moneys, for in such case the fraudulent intent necessary would be absent." This was a full and clear statement of the law applicable to the case upon the question of intent, and concisely covered the several requests to charge upon that subject. The court was not bound to charge in the language of the requests.

The thirty or more assignments of error in ruling upon questions of evidence require no discussion. They were not discussed in the defendant's brief, nor at any length upon the oral argument. The rulings are all sustainable upon well-settled principles.

The State *v*. Lanyon.

The assistant of the State's Attorney, in answering a suggestion that certain evidence which he had offered in chief was properly rebuttal evidence, remarked, "Suppose there isn't any defense, suppose this man never goes upon the stand." This is claimed to be a violation of General Statutes, § 1509, which provides that the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury. The remark was not a comment upon the neglect of the defendant to testify. There had at the time been no such neglect. It was unknown whether he would testify or not. The remark was not a violation of the statute, the purpose of which is to prevent the State from asking the jury to draw an inference unfavorable to the accused from the fact that he has neglected to testify. The jury are to be left to draw their own inferences without the fact being commented upon.

The defendant also excepted to a remark of the same attorney made in his argument to the jury, in substance, that "it was apparent that the defendant was unable to pay over to the complaining witnesses the money belonging to them." The court permitted it to stand upon the ground that it was a possible inference from the fact that the defendant had failed to pay over the money. We cannot see that the defendant was prejudiced by the remark or ruling. They furnish no sufficient ground for a new trial.

The defendant assigns as error the comments, attitude, and conduct of the court during the trial of the cause. This assignment is based upon the remarks of the judge when ruling upon various questions of evidence which appear in the record. An examination of the entire record, and of these remarks and comments, fails to discover any unfairness or anything improper in the conduct or attitude of the judge toward the defendant. Doubtless some of the comments and re-

marks of the court referred to would have been avoided had there been a little less persistency by counsel in pressing questions for rulings which were merely repetitions of former rulings.

There is no error.

In this opinion the other judges concurred.