56  397
79  155

[No. 10,529.—In Bank.]

## THE PEOPLE v. R. McGARVEY, JUDGE, ETC.

CHANGE OF PLACE OF TRIAL—CRIMINAL LAW—JURISDICTION.—The jurisdiction of the Superior Court to change the place of trial of a criminal case is special, and can be employed only in the case mentioned in § 1033 of the Penal Code, and must be based upon an application in writing, asking for the removal, on the ground that the defendant cannot have a fair and impartial trial in the county where the indictment or information is pending. Where the judge is disqualified, § 71 of the Code of Civil Procedure provides a mode of securing the attendance of another judge. *Held*, accordingly, that an order changing the place of trial in a criminal case, on the ground of the disqualification of the judge, was without jurisdiction, and void.

CERTIORARI to R. McGarvey, Judge, and W. L. Bransford, Clerk of the Superior Court of Mendocino County.

*Archibald Yell*, for Petitioner.

*Creed Haymond*, and *W. A. Cheney*, for Respondent.

McKINSTRY, J.:

The record sent up with the return of the writ of review shows, that one Jesse Anthony, who had been indicted in Men-

docino County for the crime of murder, moved the Superior Court of that county—the respondent then presiding as judge of said Court—to transfer the trial of the indictment to Tehama County, "*for the reason* that the judge of this Court is disqualified, having been attorney for the defendant in this case, and for the further reason, that it will be for the convenience of witnesses," etc.   In support of the application, affidavits were read and filed.   By the respondent, as judge then presiding, it was ordered : "* * * That the place of trial of this case must be changed, for the reason that the judge of this Court has been attorney for the defendant, and, according to said affidavits, Tehama County will be more convenient for witnesses than any adjoining county; wherefore, it is ordered and adjudged that this case be and the same is hereby transferred to the Superior Court of the County of Tehama for trial."

The power of the Superior Courts to transfer an indictment or information for trial to another county is derived solely from § 1033 of the Penal Code, and the five sections immediately following it, which together constitute a chapter, headed, "Removal of the Action Before Trial."   Section 170 of the Code of Civil Procedure is contained in a chapter which treats of the "Disqualifications of Judges," and in itself confers no *power* upon any Court or judge.   After providing that no judge shall sit or act in an action or proceeding who is a party, or related to a party within the third degree, or who has been attorney or counsel for either party, it is declared that the prohibition shall not prevent such judge from regulating the order of business, or transferring the action to some other Court.   This is simply declaring that the disqualified judge may, notwithstanding his disqualification, act with reference to arranging the calendar, and transferring the cause to another county, as fully and efficaciously as could a judge qualified to try the case.

A judge disqualified to try a *civil* action may order the trial to be changed to another county, when the motion is made on the ground of his disqualification.   Section 397 of the Code of Civil Procedure reads as follows :

" The Court may, on motion, change the place of trial in the following cses :

" 1.   When the county designated in the complaint is not the proper county.

" 2. When there is reason to believe that an impartial trial cannot be had therein.

" 3. When the convenience of witnesses and the ends of justice would be promoted by the change.

" 4. When, from any cause, the judge is disqualified from acting."

But this section is found in a chapter headed " Of the Place of Trial of Civil Actions," and which treats exclusively of civil actions and proceedings. It cannot be resorted to as conferring authority to make the order which it sought to be annulled by the present proceeding.

The only sections of the Penal Code relating to the removal of actions are 1033 and those succeeding it in the same chapter. Section 1033 of the Penal Code provides for the removal of a criminal action, *only* on the application of the defendant, and upon the single ground, " that a fair and impartial trial cannot be had in the county where the indictment is pending." Section 1034 requires that the application be made in open Court, and in *writing*, verified by affidavit, etc.

The jurisdiction of the Superior Court with respect to the removal to another county of criminal actions for trial is special. It can be employed only in the case mentioned in § 1033, and must be based upon an application in writing, asking for the removal, on the ground that the defendant cannot have a fair and impartial trial in the county where the indictment or information is pending. (Pen. Code, 1034.) Here the motion was not made upon the ground that the defendant could not have a fair and impartial trial in Mendocino, and the Superior Court did not so adjudge. The finding or adjudication of the Court was, that the presiding judge had been of counsel for the defendant in the action; but the Court had no power, on a petition or application setting forth the disqualification alone, to transfer the indictment to another county.

Where the judge is *disqualified*, § 71 of the Code of Civil Procedure provides a mode of securing the attendance of another judge. The sections of the Penal Code to which we have referred relate to cases in which a defendant may be able to satisfy the Court that a fair and impartial *jury* to try the facts cannot be obtained in the county. Such is the sense in which

are used the words "a fair and impartial trial cannot be had *in the county*"—reference being had to the meaning attached to that form of expression before the Codes, both popularly and in judicial proceedings.

That § 1033 of the Penal Code authorizes an order of removal only when a fair and impartial *jury* is not to be obtained in the county where the prosecution is pending, is rendered more apparent from the last clause of § 1034, which provides, that when the affidavits show that defendant cannot safely appear in person to make the application, *because of the popular excitement against him*, the application may be heard and determined in his absence. And if the conclusion to which we have arrived, in respect to the legislative intent, required further confirmation, it is furnished by the circumstance, that, in § 397 of the Code of Civil Procedure (which enumerates the grounds upon which the place of trial of civil actions may be changed), the disqualification of the judge is mentioned as a *separate and distinct ground* from the inability to secure a fair and impartial trial.

The Superior Court exceeded its jurisdiction in making the order transferring to Tehama County the case, *People of the State of California* v. *Jesse Anthony*.

Order annulled.

Ross, J., Myrick, J., and Thornton, J., concurred,