[Crim. No. 1211. Third Appellate District.—October 17, 1932.]

THE PEOPLE, Respondent, v. LYLE CLYDE Mc-GOWAN, Appellant.

G. Fletcher Dodd and John F. Quinn, for Appellant.

U. S. Webb, Attorney-General and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the crime of burglary upon two counts contained in an information filed against him by the district attorney of Del Norte County. The information contains four counts. The defendant was acquitted on counts 1 and 3, and convicted on counts 2 and 4. From the judgment of conviction based upon counts 2 and 4, and the order denying his motion for a new trial, the defendant appeals. Count 2 is in the following words and figures, to wit:

"The District Attorney of the said County of Del Norte, State of California, hereby accuses Lyle Clyde McGowan of a felony, to wit, burglary, in that on or about the 24th day of July, 1931, at Pistol River Bridge, Curry County, State of Oregon, he wilfully, unlawfully and feloniously entered a certain building known as the Oregon State Highway Commissioner Tool Shed, with the intent then and there in him, said Lyle Clyde McGowan, to commit petit theft therein, and that said Lyle Clyde McGowan did then and there bring and transport into the County of Del Norte, State of California, the personal property of said Oregon State Highway Commission, which he, said defendant, had then and there stolen by means of said burglary, to wit:

15 gallons of Fuller's Imperial Graphite paint; four lengths of rope; 2 cans Japan Drier; 4 long-handled wire brushes; 1 hack saw; 2 carborundum stones; 1 can spirits of turpentine; one pair of overalls, and one can Fuller's Imperial Graphite; all of which is contrary to the form, force and effect of the statute in such cases made and provided, and against the peace and dignity of the People of the State of California.''

Count 4 of the information charges the commission of a burglary by the defendant on or about the same date, and at Wedderburn, in Curry County, state of Oregon, in that he entered a building known as the Mercer-Fraser Company Tool Shed, to commit petty larceny, and that he did then and there steal a chest of tools belonging to one Arthur Hanseth, and thereafter transported the same into the county of Del Norte.

The defendant's appeal is based upon the sole ground that in so far as the offense of burglary is concerned, it was a completed offense in the state of Oregon, and that over such an offense the courts of California have no jurisdiction; that while asportation of the stolen goods into the county of Del Norte would, with each removal or movement of goods, constitute larceny, on the theory that every asportation thereof constitutes offense of larceny, it is, so far as the jurisdiction of the courts of this state may be concerned, a distinct and separate offense from the crime of burglary wholly committed in the state of Oregon.

At common law the essential elements of the offense of burglary are: ''A breaking and entry, of the dwelling house, or other structure belonging to another, with intent to commit a felony therein.'' (9 C. J. 1009.)

Section 459 of the Penal Code enlarges somewhat on the definition, and is as follows: ''Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine, or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.''

By both the common law and the statutes of this state the breaking and entry of the building or structure belonging to another, with intent to commit some crime, is the constituent element of the offense. It is not neces-

sary that any larceny be committed; it is not necessary that any felony be committed; the breaking and the entry, with intent, constitutes the crime.

 It is unnecessary to cite authorities to the effect that the courts of this state have no jurisdiction over completed offenses committed in other states. It is only when the offense committed is a continuing offense, or one which reaches across boundary lines that jurisdiction is given. Thus, if the one who commits the offense of burglary also commits larceny by stealing property and then brings that stolen property across the boundary line, the offense of larceny is continued from the adjoining state into this state, and the superior court of any county into which the stolen property is brought may take jurisdiction of the offense committed in such county, to wit, the offense of larceny, not of the offense of burglary.

 Subdivision 2 of section 27 of the Penal Code specifying who are liable to punishment reads: "All who commit any offense without this state which, if committed within this State would be larceny, robbery or embezzlement under the laws of this state, and brings the property stolen or embezzled, or any part of it, or are found with it, or any part of it, within this State."—recognizing again, the principle that the bringing of the stolen property within the jurisdiction of this state constitutes an offense within itself. The offense of burglary committed in another state is not mentioned in the section for the simple reason that burglary has a distinct situs and does not move with the asportation of the stolen property.

Section 497 of the Penal Code further amplifies the description of the offense of larceny when committed in another state. That section reads: "Every person who, in another State or country, steals or embezzles the property of another, or receives such property knowing it to have been stolen or embezzled, and brings the same into this State, may be convicted and punished in the same manner as if such larceny or embezzlement or receiving had been committed in this State." Jurisdiction to punish such an offense is set forth in section 789 of the Penal Code, as follows: "The jurisdiction of a criminal action for stealing or embezzling, in any other State, the property of another, or receiving it knowing it to have been stolen or

embezzled, and bringing the same into this State is in any county into or through which said stolen or embezzled property has been brought.''

█ Respondent calls our attention to section 786 of the Penal Code which provides as follows: ''When property taken in one county by burglary, robbery, larceny or embezzlement has been brought into another, the jurisdiction of the offense is in either county. But if at any time before the conviction of the defendant in the latter, he is indicted in the former county, the sheriff of the latter county must, upon demand, deliver him to the sheriff of the former.'' Here, the term ''burglary'' is used, but the jurisdiction is confined to the respective counties of the state. All the other sections to which we have referred relate to property brought from some place without the state.

Section 786, *supra,* purports to, and does only deal with an offense committed in one county, and the taking of property from the county where the property is obtained and the bringing of it into another county. █ Under our Constitution the venue of any offense committed within the state is subject to legislative determination. Section 7 of article I of the Constitution guarantees the right of trial by jury, but does not specify that the trial by jury shall be in any particular place. Section 777 of the Penal Code fixes the place of trial providing that every public offense shall be punished in the county where it is committed, except as otherwise provided in the codes. Thus, while states having different constitutional provisions have held that legislatures have no authority to provide a place of trial other than the county in which it is committed, they do not apply, and therefore we do not need to review the cases on this subject cited by the appellant.

As to larceny, the rule is different from burglary, and is very clearly stated in 4 Ruling Case Law, page 236, to wit: ''As to the venue in cases of larceny it has been held that the defendant can be tried either in the county where the offense was committed or in the county to which the goods have been removed. This is on the theory that each asportation of the stolen property constitutes a new theft, thereby making the crime a continuing crime.'' As we have stated, there being no constitutional provision in this state limit-

ing venue to the county where the offense was committed, the legislature has full power in this particular, and has provided therefor as we have stated in the sections of the code set forth herein. The only change in the law relative to the venue in burglary cases is the provision allowing prosecution in different counties of the state where the burglary has been committed in one county and the property carried into another. The statute, however, goes no further than providing for jurisdiction of burglaries committed within the state. A clear statement of this is found in 4 California Jurisprudence, page 736, where the text reads: "At common law the crime of burglary, like crimes generally, was considered altogether local, and was recognizable and punishable exclusively in the jurisdiction where committed. In California, however, it is provided by statute that where a burglary is committed in one county, and the property taken is brought into another county, the Superior Court of the latter county has jurisdiction of the offense." The text then sets forth the manner in which the offense must be pleaded if the prosecution is had in the county into which the stolen property is asported.

The cases of *People* v. *Tyree*, 21 Cal. App. 701 [132 Pac. 784], and *People* v. *Jochinsky*, 106 Cal. 638 [39 Pac. 1077], have to do only with offenses wholly committed within the boundaries of this state, and are not authorities for reading into the sections which we have quoted, language not therein found, in order to extend the jurisdiction over offenses wholly committed without the state.

Nor is the case of *People* v. *Ellis*, 204 Cal. 39 [266 Pac. 518], applicable to any of the facts here involved. In the Ellis case the defendant was charged with bigamy. The act which constituted the crime of bigamy was wholly committed within this state. The defendant was a married man, having been married in another state; came to this state and went through a marriage ceremony with another woman. This constituted a complete offense within this state, as we find by section 281 of the Penal Code: "Every person having a husband or wife living, who marries another person . . . is guilty of bigamy." The first marriage was no part of the crime. The offense was wholly confined to the second marriage, and that, having taken place in this state, gave the local court jurisdiction.

It follows from what we have said that although the trial court had jurisdiction to try the defendant for larceny by reason of the alleged asportation of the stolen goods from the state of Oregon to the state of California, and the county of Del Norte, it did not, by reason of any such facts, have jurisdiction to try the defendant for an offense wholly committed within the state of Oregon.

The order and judgment are reversed.

Thompson (R. L.), J., and Pullen, P. J., concurred.