[Crim. No. 1304.   Third Appellate District.—January 10, 1934.]

THE PEOPLE, Respondent, v. AXEL STRATTON, Appellant.

Hugo McKinley and Thomas Griffin for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PLUMMER, J.—On October 2, 1931, an information was filed in the Superior Court of Stanislaus County, containing, among other things, two counts, each of which charged the defendant with the crime of burglary. Upon being arraigned upon this information the defendant entered a plea of guilty to both of the counts charging him with the crime of burglary.

On the thirteenth day of October, 1933, the appellant filed a motion in said court, having for its purpose the obtaining of an order of said court vacating, annulling and setting aside the judgment following the appellant's plea of guilty of burglary to the counts contained in the information just referred to. The grounds of the motion were stated as follows:

"1. Section 459, Penal Code, which defines burglary, violates the equality clause of Section 1, Fourteenth Amendment to the Federal Constitution, in this, to-wit: that it singles out petty larceny from the whole class of misdemeanors, and does not operate uniformly upon all who enter a building, etc., with intent to commit crime. 2. Section 459, Penal Code, violates the said equality clause in this, to-wit: that it singles out that particular mode of petty theft known as stealing, taking, and carrying away, so that a person may enter a building with intent to commit petty theft by trick and device, false pretenses, or embezzlement without committing the crime of burglary."

The cause is now before us upon the appellant's appeal from an order denying such motion. The argument of the appellant is to the effect that section 459, *supra,* is violative of the fourteenth amendment of the United States Constitution, in that it does not afford equal protection of the law, but is unreasonable in its classifications. In pursuance of the argument the appellant quotes section 459 of the Penal Code and attacks that part thereof which reads as follows: "with intent to commit grand or petty larceny or any felony, is guilty of burglary", the contention being that the language limits burglary to petty larceny, and does not apply to any other misdemeanor for the perpetration of

which one might enter any house, room, or apartment, etc.'', and so constitutes an unreasonable classification, and does not extend equal protection of the law to all persons.

The act of the legislature in framing section 459 of the Penal Code was for the purpose of protecting buildings, residences especially, and in so doing, it necessarily singled out those offenses for which anyone actuated by a criminal intent would enter a building for the purpose of committing. In entering a building with intent to commit petty or grand larceny or a felony therein, the one so entering, places in peril anyone who might be within the building so entered. The probability of one entering a building for the commission of any offense which does not come within the definition of grand or petty larceny or a felony is so remote that the language of section 459, *supra,* cannot, by any reasonable construction, be construed as an unreasonable classification.

The appellant cites the fact that embezzlement is not named in section 459, *supra,* overlooking the fact that embezzlement includes the idea of one having been trusted with the possession of property not obtained by unlawful entry of any of the structures mentioned in section 459, *supra.*

Again, the contention of the appellant that the section is not general in its application is untenable. If the act applies to all persons under the same circumstances and conditions, the act is properly designated as general. (5 Cal. Jur., p. 794.) The text there found is as follows: ''General laws are those which operate alike upon all persons to whom they apply and apply equally to all persons in the same category within the jurisdiction of the law-making power. An act, to be general in its scope, need not include all classes of individuals; it answers the requirements of the Constitution if it relates to and operates uniformly upon the whole of any single class validly selected. Nor is an act rendered special by the mere fact that it does not cover all subjects which the legislature might have conceivably included in it. It is enough that the subjects covered possess such intrinsic peculiarities as to justify the legislative determination that those subjects required special enactment.''

That the intent with which one unlawfully enters a building is a prime element at which the legislative power was exercised in enacting section 459 of the Penal Code appears

from the following cases: *People* v. *McGowan,* 127 Cal. App. 39 [14 Pac. (2d) 1036]; *People* v. *Myers,* 206 Cal. 480 [275 Pac. 219].

The rule which we have stated herein is also supported by the text found in 12 C. J., page 1128 et seq.

Finding no merit in the appellant's appeal, the order of the trial court denying the defendant's motion is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 25, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1934.