(No. 33306.—

THE PEOPLE *ex rel.* David Vance Patterson, Appellant, *vs.* HAROLD E. BARROW, Sheriff, Appellee.

*Opinion filed October 25, 1954.*

Robert Weiner, of Springfield, for appellant.

Latham Castle, Attorney General, and George P. Coutrakon, State's Attorney, both of Springfield, (Fred G. Leach, and Raymond S. Terrell, of counsel,) for appellee.

Mr. Chief Justice Bristow delivered the opinion of the court:

Appellant, David Vance Patterson, was arrested by the defendant, sheriff of Sangamon County, under a rendition warrant issued by the Governor of Illinois on the requisition of the Governor of California. Following his arrest he filed a petition for a writ of *habeas corpus* alleging that he was not substantially charged with a crime against the laws of the State of California, that he was not a fugitive from justice and that the requisition and supporting documents filed with the Governor of the State of Illinois were not in regular and legal form. A writ of *habeas corpus* was issued and, after a hearing, the writ was quashed and appellant was remanded to the custody of the sheriff. He has perfected an appeal direct to this court, as provided by statute, to review said judgment.

Upon appeal appellant has not argued his contention that he was not a fugitive from justice, and that point is, therefore, not before us. This leaves for consideration his contentions that he was not charged with a crime against the laws of California and that the requisition papers were not legally sufficient.

The Governor of California issued his requisition upon request of the District Attorney of San Diego County, California, which request was supported by a complaint and affidavit. The complaint was signed by one C. W. Myers and sworn to before a judge of the municipal court of the San Diego judicial district of the State of California. In said complaint, Myers charged that the crime of burglary had been committed by appellant in that he wilfully entered a building known as the Bell Office Equipment Company with the intent unlawfully and feloniously to commit theft. The affidavit was executed by Lemuel E. Bell and sworn to before the county clerk and clerk of the superior court of San Diego County. The affidavit stated that on a certain date affiant was the owner of the Bell Office Equipment Company; that on such date appellant entered affiant's place of business and rented a certain cash register, advising that he desired the same for use in his place of business; that subsequent investigation indicated that the address given by appellant was fictitious; that the cash register was later found in the possession of another party to whom appellant had sold it; that police investigation indicated that appellant had secured other merchandise in a like manner from other businessmen which merchandise had also been sold by appellant to other persons; and that police investigation showed that appellant had formed a plan and intent of entering the various places of business with intent to commit the crime of theft of the articles he had secured by false representations.

Appellant urges that the complaint and affidavit are insufficient to charge him with the crime of burglary since

it is not alleged in either of these documents that appellant broke the premises of the Bell Office Equipment Company. At common law, of course, both breaking and entering of premises was necessary to constitute the crime of burglary, and appellant argues that breaking the premises is still a necessary element of the crime under the California statute, relying upon the case of *People* v. *McGowan,* 127 Cal. App. 39, 14 Pac. 2d 1036. While there is language in that case which supports appellant's contention, we find upon a close examination of the case that such language was not necessary to the decision of the point involved therein and is directly contrary to the provisions of the California Penal Code and many decisions of the California courts. The California Penal Code defines burglary as follows: (Penal Code Section 459) "Every person who enters any * * * store * * * with intent to commit grand or petit larceny * * * is guilty of burglary." Section 490A of the California Penal Code provides that: "Whenever any law or Statute of this State refers or mentions larceny, embezzlement or stealing, said law or Statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." Section 484 of the California Penal Code defining "theft" provides as follows: "Every person who shall * * * fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any * * * fraudulent * * * pretense, defraud any other person of * * * personal property * * * is guilty of theft."

It can readily be seen from an examination of these provisions that the statute has abolished the necessity of a breaking of the premises and the courts of the State of California have so held on many occasions (*People* v. *Barry,* 94 Cal. 481, 29 Pac. 1026; *People* v. *Brittain,* 142 Cal. 9, 75 Pac. 314; *People* v. *Descheneau,* 51 Cal. App. 437, 197 Pac. 126.) We are, therefore, of the opinion that there is no merit to appellant's contention that the com-

plaint and affidavit do not charge him with burglary under the laws of California.

Appellant's second contention is that the complaint and affidavit are legally insufficient to justify the issuance of a requisition by the Governor of California and a warrant by the Governor of Illinois, because a portion of Bell's affidavit was based upon matters not upon his personal knowledge but only a subsequent police investigation of which he had only hearsay knowledge. It is true that the affidavit is subject to this criticism. However, an affidavit may be sufficient to justify an issuance of a requisition without being as technically correct as an indictment. (*People ex rel. McCline* v. *Meyering,* 356 Ill. 210.) The technical sufficiency of an affidavit shall be determined by the courts of the demanding State and not on *habeas corpus* proceedings in this State. (*People ex rel. Eveland* v. *Harrell,* 404 Ill. 81.) It is well established that in cases involving extradition of one charged with a crime the courts will not interfere with a considered order of the executive unless the order be so palpably and conclusively shown to be wrong as to warrant an inference of fraud or inadvertence. (*People ex rel. Eveland* v. *Harrell,* 404 Ill. 81.) Discharge upon technical grounds should be denied. (*People ex rel. Johnston* v. *Traeger,* 340 Ill. 147.) In accordance with these rules of law we are of the opinion that the affidavit is sufficient. Furthermore the affidavit included, by reference, the complaint signed by Myers, which complaint stated positively and unequivocally that appellant had committed the crime of burglary. The affidavit and complaint, when considered together, were amply sufficient to justify the issuance of a requisition and the subsequent issuance of a warrant by the Governor of Illinois.

The judgment of the circuit court of Sangamon County quashing the writ of *habeas corpus* and remanding appellant to the custody of defendant is affirmed.

*Judgment affirmed.*