[Civ. No. 28929. First Dist., Div. Two. Dec. 11, 1970.]

GEORGE LESTER JACKSON et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Fay Stender, John E. Thorne, Floyd Silliman, Richard M. Silver and Marvin Stender for Petitioners.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Karl J. Uebel, Deputy Attorney General, for Real Party in Interest.

**442**

## OPINION

**SHOEMAKER, P. J.**—Defendants seek a writ of mandate to compel respondent court to vacate its order transferring their trial out of the Superior Court of the City and County of San Francisco to the Superior Court of the County of San Diego.

On February 16, 1970, defendants, three inmates of the California Correctional Training Facility at Soledad, in Monterey County, were indicted for assault upon and the murder of a prison guard.

On June 19, 1970, the Superior Court of the County of Monterey granted a motion by the *defendants* for a change of venue on the ground that there was at least a reasonable probability that the defendants could not have a fair trial in Monterey County and ordered that the matter be transferred to the City and County of San Francisco for trial.

On September 17, 1970, the Superior Court of the City and County of San Francisco, *upon motion by the prosecution and over the objection of defendants,* made an order granting a change of venue on the ground that there was at least a reasonable probability that *neither the People nor the defendants* could have a fair trial in the City and County of San Francisco and transferred the matter to the County of San Diego for trial.

On October 19, 1970, defendants filed this petition.

Defendants contend that the court erred in ordering a change of place of trial on application of the prosecution. We agree. Counsel has not cited and we have found no authority in California to support a motion by the *prosecution* for a change of venue in a criminal action on the ground that a fair and impartial trial cannot be had in the county. Witkin points out that "our present statute does not authorize an application by the prosecution." (Witkin, Cal. Criminal Procedure (1963) § 82, p. 76. See also *Change of Venue in California Criminal Trials* (1956) 44 Cal.L.Rev. 108, 110.)

The question before us is whether, in the face of a statute that expressly *limits* removal to an *application by the defendant,* the court has inherent power to remove the action upon application by the *prosecution.*

The provisions governing the removal of an action before trial appear in sections 1033 to 1039.1 of the Penal Code. The pertinent sections read as follows:

Penal Code, section 1033: "A criminal action pending in a superior court may be removed from the court in which it is pending *on application of the defendant,* on the ground that a fair and impartial trial cannot be had in the county. This chapter does not apply to actions pending in other courts."

Penal Code, section 1034: "The application for removal must be made in open court, and in writing, *verified by the affidavit of the defendant,* a copy of which application must be served upon the district attorney at least one day prior to the hearing of the application. . . ."

Penal Code, section 1035: "If the court be satisfied that the representations of the applicant are true, an order must be made transferring the action to the *proper court of some convenient county free from a like objection."* (Italics added.)

As we see, section 1033 does not provide for removal on application of the prosecution. The prosecution in its motion therefore asked the court to exercise its "inherent power" to assure *all parties* a fair and impartial trial by removing the cause from the City and County of San Francisco.

The ground for the motion was stated to be: "[I]t now appears that the fair trial intended by said transfer [from Monterey] is jeopardized by the publicity, fear and hostility caused by the kidnapping and deaths of a Superior Court Judge and others in Marin County on August 7, 1970, and by other related activities within the City and County of San Francisco," and that "the influence of the events described and the consequent news publicity, and the indicated connection of those events with the defendants herein militates against the possibility of selecting an impartial jury *by either the defendants or the People."* (Italics added.)

The defendants opposed the motion, submitting clippings from newspapers published throughout the state that tended to show that the publicity concerning the Marin County incident was widespread throughout the state, and at the hearing on the motion it was stipulated that if called to testify, each defendant would declare that it was his belief that his best chance of getting a fair trial was in the City and County of San Francisco.

Under our Constitution the venue of any offense committed within the state is subject to legislative determination (*People* v. *McGowan* (1932) 127 Cal.App. 39, 43 [14 P.2d 1036]), and our Legislature has enacted section 777 of the Penal Code containing the following provisions for venue in a criminal action: "Every person is liable to punishment by the laws of this State, for a public offense committed by him therein, except where it is by law cognizable exclusively in the courts of the United States; and *except as otherwise provided by law* the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed." (Italics added.)

Prior to amendment in 1951, the exception contained in Penal Code, section 777, was worded "except as herein otherwise provided." So worded, the exception was construed to refer "to the Penal Code as a whole or to the

title and chapter thereof dealing with jurisdiction" (*People* v. *Upton* (1924) 67 Cal.App. 445, 450 [228 P. 50]), and "except as otherwise provided in the codes" (*People* v. *McGowan, supra,* p. 43). ■ Thus, *in the absence of statutory provisions to the contrary,* venue must be laid in the jurisdiction where the offense is committed. (*People* v. *Wilson* (1927) 86 Cal.App. 160, 163 [260 P. 330]; see also *People* v. *Megladdery* (1940) 40 Cal.App.2d 748, 762 [106 P.2d 84].)

■ The People contend that because the case has already been removed from the county of the crime, defendants have no right to be tried in any particular county. The wording of Penal Code, section 1033, a statutory exception contemplated by Penal Code, section 777, negates this contention. Once the change of venue from Monterey County to San Francisco had been obtained, the Superior Court of the City and County of San Francisco became the court in which the action was *pending.* The statute provides that "A criminal action pending in a superior court may be removed from the court *in which it is pending* on application of the defendant, on the ground that a fair and impartial trial cannot be had in the county." (Italics added.) Although San Francisco is not the county of the crime, the action may not be removed from the Superior Court of the City and County of San Francisco on the ground that a fair and impartial trial cannot be had in the county unless the requirements of Penal Code, section 1033, are satisfied.

■ The following cases indicate to us that the jurisdiction of the superior court with respect to the removal of criminal actions is special and can be exercised only under the conditions specified in Penal Code, section 1033: *People* v. *McGarvey* (1880) 56 Cal. 327, 328-329; *People* v. *Ebey* (1907) 6 Cal.App. 769, 770 [93 P. 379]; *Older* v. *Superior Court* (1910) 157 Cal. 770, 781 [109 P. 478]; and *People* v. *Yeager* (1924) 194 Cal. 452, 481 [229 P. 40].

■ The People have cited instances from other states where venue in a criminal action has been transferred on motion of the prosecution. These decisions from states having different constitutional and statutory provisions governing the place of trial are of little value.

We do find an analogy, however, in a case decided by the Court of Appeals of New York. That court, considering a statute similar to ours,[1] found that the words "on the application of the defendant" precluded removal on the People's application and rejected the contention of the People that the court had inherent power to transfer the action (*Murphy* v. *Extraordinary*

---

[1] New York Code of Criminal Procedure, section 344, the very statute on which our own section 1033 was originally based. (See Legislative History, Pen. Code, § 1033.) We note that section 344 was amended in 1953 (L. 1953, ch. 889, § 1) to permit application to be made by the district attorney.

*Special & Trial Term of Supreme Court* (1945) 294 N.Y. 440 [63 N.E.2d 49, 161 A.L.R. 937].)

In examining the provisions of the Penal Code governing removal of actions before trial as a whole, which we must do, we note that section 1033.5, immediately following section 1033, provides: "The court may *of its own motion, or on petition of any of the parties to the proceeding,* order a change of venue to an adjoining county, whenever it appears as a result of the exhaustion of all the jury panels called that it will be impossible to secure a jury to try the cause in the original county." (Italics added.)

In that instance, the Legislature chose to confer upon the People the right to petition for change of venue. The Legislature did not confer upon the *People* the right to petition for a change of venue on the ground that a fair and impartial trial may not be had in the county. Instead, the express language of Penal Code, section 1033, limits removal *on application of the defendant.* In the construction of a statute, we may not insert what has been omitted, and where there are several provisions, we must place upon them a construction which, if possible, will give effect to all. (Code Civ. Proc., § 1858.)

In our opinion, the trial court had neither statutory nor inherent power to order the removal of the action upon the application of the People and against the opposition of the defendants. Our holding disposes of the matter and we need not discuss the other alleged errors asserted by defendants.

Let a peremptory writ of mandate issue as prayed.

Agee, J., and Taylor, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 10, 1971.