[No. 10,198.]

## THE PEOPLE v. JAMES B. MURPHY.

EMBEZZLEMENT.—If a person, in one county, is intrusted by another with personal property, to be returned to the owner, and afterwards takes it to another county, and there embezzles it, he cannot be tried for the crime in the county where he received it, unless he had conceived the intent of committing the crime when he received it.

APPEAL from the County Court, County of San Joaquin.

The defendant was charged in the indictment with having been intrusted, in the county of San Joaquin, with a gold watch and chain by one Tyree, for her use, and with having, in said county, fraudulently embezzled and converted it to his own use, without the consent of said Tyree.

On the trial the prosecutrix testified that, in San Joaquin County, on Friday, the 30th day of July, 1875, she took a buggy ride with the defendant, and he asked her to loan him her gold watch and chain to wear to a ball Saturday

evening, and to be returned to her on Monday; that he did not go to the ball, but left, on Saturday, for San Frâncisco, and she had not since seen the watch and chain, and that she had asked him to return it; but he told her he lost it in a drunken spree in San Francisco.

The defendant testified in his own behalf that, on the day named, he was riding with the prosecutrix, and was looking at the watch and chain, and told.her he would like to wear it at a ball the next night, and that she handed it to him, and he asked her when he should return it, and she said, "That is all right;" and that he considered she had given him the watch and chain; and that he received a letter stating that a friend of his was to arrive in San Francisco from the East, and went there the next day, and lost the watch and chain in a spree.

The defendant asked the court to give the following instruction to the jury:

"If the jury believe from the evidence that the watch and chain mentioned in the indictment were given into the hands of the defendant by the complaining witness, Cyrilda E. Tyree, in the county of San Joaquin, and that the said watch and chain were afterwards taken by the defendant to the county of San Francisco, and were, in said county, by said defendant, lost [or even converted to his own use], then the jury must find the defendant not guilty."

The court refused that portion of the instruction inclosed in brackets, and also qualified the instruction by inserting the words "lost without any intention or willful fault on the part of the defendant."

The defendant excepted to the modification of the instruction.

The court, also, of its own motion, instructed the jury as follows:

" There has been some question as to the jurisdiction of this case; and the court, on that point, in accordance with the statute, further instructs you as follows: When an offense has been committed in this State; when a public offense is committed in part in one county and in part in another, the acts or facts thereof constituting the requisites to the con-

summation of the offense occurring in two or more counties, the jurisdiction is in either county. When property taken in one county by burglary, larceny, or embezzlement, has been brought into another county, the jurisdiction is in either county. So, gentlemen, whatever there may be of criminal offense in this, the jurisdiction and right for you to consider it, without any reference to the jurisdiction, is perfect. You have a right to consider the crime without any reference to the jurisdiction; that is, if you find that any part of it was committed in this county—that is, the receipt of the watch."

The defendant excepted to this instruction.

Section five hundred and seven of the Penal Code reads as follows: "Every person intrusted with property as bailee, tenant, or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same, or the proceeds thereof, to his own use, or secretes it or them with a fraudulent intent to convert to his own use, is guilty of embezzlement."

Section seven hundred and eighty-one of the Penal Code reads as follows: "When a public offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

The defendant was convicted, and appealed from the judgment and from an order denying a new trial.

*S. L. Terry*, for the Appellant.

*Jo Hamilton, Attorney-General,* for the People.

By the Court, WALLACE, C. J.:

. It is not disputed that the conversion of the watch and chain, whatever the character of that conversion, occurred not in the county of San Joaquin, where the appellant was convicted, but in the city and county of San Francisco. The offense is *embezzlement* in the fraudulent conversion of the property by the prisoner to his own use, or secreting it

with the fraudulent intent upon his part to so convert it—under section five hundred and seven of the Penal Code.

It is true that the property alleged to have been embezzled was received by the prisoner from its owner in the county of San Joaquin; but its *receipt* constituted no part of the offense within section seven hundred and eighty-one, Penal Code, unless accompanied with the intent at the time upon the part of the prisoner to fraudulently convert the property to his own use.

In view of the question raised at the trial as to the jurisdiction of the authorities in San Joaquin to try the prisoner, it became material to inquire into the intent of the prisoner in receiving the property in that county; and it should have been submitted to the jury to find that intent from the facts and circumstances appearing. Instead of this the jury were, in effect, told by the court that *the mere receipt of the watch* in the county of San Joaquin by the prisoner, regardless of any intent upon his part at the time, concluded him upon the question of jurisdiction made.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.

Mr. Justice CROCKETT did not express an opinion.