[Crim. No. 1625.   Third Appellate District.—May 26, 1938.]

## THE PEOPLE, Respondent, v. CHARLES POLLOCK, Appellant.

T. F. Peterson and Charles Reagh for Appellant.

U. S. Webb, Attorney-General, and Gordon S. Hughes, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of manslaughter upon an information filed by the district attorney of Humboldt County, charging second degree murder, in that the defendant did, on or about the 31st day of December, 1937, at and in the county of Humboldt, state of California, wilfully, unlawfully and feloniously kill and murder one Alexander Frazier, a human being. From the order denying the defendant's motion for a new trial, and the judgment of the court based upon the verdict finding the defendant guilty of manslaughter, the defendant appeals.

Upon this appeal the appellant presents as grounds for reversal the fact that no evidence was introduced at the trial showing that the alleged offense was committed in the county of Humboldt; that the record fails to establish the venue of the alleged offense; that the court erred in the admission of testimony, and particularly in the admission of a statement made by the deceased, introduced as a dying declaration; and the alleged misconduct of the deputy district attorney.

The record shows that the offense was committed in a cabin belonging to a certain Mrs. Graham, near a place called Miranda. It appears that the defendant, the deceased, and others, mostly half-breed Indians, were engaged in a drunken orgy in the cabin referred to. Owing to the fact that all of the witnesses to the affray were more or less under the influence of intoxicating liquor, just what occurred is to an extent uncertain, but it does appear that a fight was started, and in that fight, whether the deceased was one of the originators thereof, or simply participated therein, in order to quell the disturbance, it was during the fight that the deceased received at the hands of the defendant the wounds which ultimately resulted in death. The wounds were inflicted by a knife held in the hands of the defendant.

We find nothing in the record as to the alleged misconduct of the deputy district attorney warranting our interference with the judgment of the trial court; nor do we find anything objectionable in the ruling of the court in allowing questions propounded to character witnesses relative to previous affrays in which the defendant may have been engaged. Nor is there anything in the statement of the deceased, introduced as a dying statement, which in and of itself would warrant a reversal. ▮ However, as for other reasons the cause must go back for a retrial, we may here state that all the authorities agree with the holding that before a dying statement is admissible, it must be shown that the declarant was laboring under the thought of imminent death. The record in this case simply shows that the decedent said that he was going to die. It is absolutely silent as to whether the deceased was or was not then laboring under the thought of imminent death. The foundation for the introduction of the dying statement upon a retrial should be laid broad enough to show, and to establish the fact that the statement was

made when the deceased realized that he was in imminent peril of passing on.

The vital question in this cause is the failure of the prosecution to prove venue. There is not a word in the testimony showing that the alleged offense was committed in the county of Humboldt. Several witnesses spoke of Miranda. The Graham cabin was located as near Miranda. ·Miranda was also located as being fourteen miles from Garberville. One witness stated that he lived in Humboldt County across the river from Miranda. That is all the testimony there is in the record with regard to the place of the alleged offense.

Upon three different occasions during the course of the trial the fact that there had been no proof of venue introduced was called to the attention of the prosecuting officer, who stated that he elected to stand upon the record. There is nothing in the record, and nothing has been called to our attention indicating that the place called Miranda is either a township or an incorporated town, or a town of the sixth class, or any legal entity of which either the trial or appellate court could take judicial notice. The record simply shows a service station and a lunch-counter or eating place connected therewith.

We think this case is governed by the following authorities: In the case of *People* v. *Parks,* 44 Cal. 105, the opinion would appear to have been written to fit the instant case. It is there said:

"The indictment alleges the offense to have been committed in the County of Yolo. The defendant pleaded not guilty, and it was of course incumbent upon the prosecution to prove the *locus delicti.* This was not done. The evidence conduces to establish that the robbery charged was committed, if at all, at the drinking saloon of Stroback, but there is nothing in the record which tends in the slightest degree to show that this saloon was situate in the County of Yolo." Here, the alleged offense took place in the cabin belonging to a Mrs. Graham, without any testimony showing in what county the Graham cabin is located.

In *People* v. *Meseros,* 16 Cal. App. 277 [116 Pac. 679], where there was a failure to introduce any testimony as to the venue, the court said:

"The venue must be proved as charged. (*People* v. *Parks,* 44 Cal. 105; *People* v. *Roach,* 48 Cal. 382; *People* v. *Bevans,*

52 Cal. 470; *People* v. *Murphy,* 51 Cal. 376; *People* v. *Aleck,* 61 Cal. 137, 138.)''

*In the Matter of the Application of Hartwell,* 28 Cal. App. 627 [153 Pac. 730], this court had before it a similar failure to introduce any testimony as to the venue. We quote from the opinion as follows:

''The evidence was that he held up the Plumbago Mill but there is no evidence that the mill belonged to the Creosus Gold Mining and Milling Company, nor is the mill shown by the evidence to be in Sierra County, the only evidence being that it is about three miles from Alleghany, which latter place is in Sierra County.''

In *In re Huber,* 103 Cal. App. 315 [284 Pac. 509], the question as to the failure of establishing venue was again before this court. In that case the testimony showed that a certain bathtub was taken from a house situate on Mitchell's Ranch south of Copperopolis. There was no testimony showing that the Mitchell Ranch was in Calaveras County. All there was in the testimony or in the record simply went to the effect that the Mitchell Ranch was south of Copperopolis.

Taken at its best the instant case falls within the rule followed by this court in the Huber case. The Mitchell Ranch was situate south of Copperopolis. The point called Miranda is said to be fourteen miles from Garberville.

By reason of the failure of the People to introduce in testimony facts or circumstances from which the venue could be determined in this case, in view of the authorities which we have just cited we see no escape from the conclusion that the cause must be sent back for a new trial.

The order and judgment are therefore reversed.

Pullen, P. J., and Thompson, J., concurred.