## Appellate Department, Superior Court, San Diego

[Crim. A. No. 191. Nov. 19, 1953.]

THE PEOPLE, Respondent, v. DANIEL CHARLES GARCIA, Appellant.

Edgar G. Langford for Appellant.

James Don Keller, District Attorney, and Luther L. Leeger, Deputy District Attorney, for Respondent.

BURCH, J.—Defendant was prosecuted and found guilty in the Municipal Court of San Diego Judicial District under a complaint charging that on or about the 9th day of April, 1953, in San Diego Judicial District in the said County of San Diego, State of California, he did ". . . wilfully and unlawfully use narcotics; . . .," in violation of the provisions of section 11721 of the Health and Safety Code. A jury having been waived, the trial was had before the court. Defendant was found guilty. His contentions on appeal are as follows:

1. That the trial court committed prejudicial error in admitting, over defendant's objection, the purported extrajudicial statements of the defendant in the absence of proof of the corpus delicti.

2. That the evidence was and is insufficient to sustain the conviction, for the following reasons:

a.. That the evidence fails to establish that the defendant used any narcotic within the State of California.

b. That the evidence fails to establish that the defendant ever unlawfully used any narcotic at any time or in any place.

From the settled statement of facts it appears:

The evidence for the People consisted of the testimony of one doctor and a police officer. Doctor Robert L. Williams testified that he was a physician licensed to practice in the State of California, and that on April 9, 1953, he had examined the arms of defendant and found thereon certain scabs, scars, and discolorations which in his opinion resulted from punctures in and about the veins by a needle-like object; that the scars and discolorations, in his opinion, were caused by frequent punctures of the veins in that area over a long period of time; that inexpert injections with unsterile instruments and/or injections of an overly strong solution on various occasions would tend to cause such scars and discolorations; that there were several scabs in the same area which had resulted from punctures within approximately 24 hours of the time of the examination; that in his experience he had seen the foregoing pattern of scabs, scars, and discolorations only on the arms of narcotic users and addicts. Doctor Williams testified further that at the time of the foregoing examination the defendant stated to him that he had used habit-forming drugs on one occasion only, to wit, in June, 1952, when he smoked one marijuana cigarette, and that he had never used a drug by injection, but that the marks on his left arm were caused by brush scraping his arm years ago.

The police officer testified that when arrested the defendant stated: "I have quit using stuff, I had my last 'fix' about two months ago." He also testified that the term "fix" as used by narcotic addicts means an injection of narcotics.

Defendant took the stand and confirmed the doctor's testimony as to the statement of defendant of one use of habit-forming drugs, adding that that one use was committed in the State of New Mexico. He denied making the statement attributed to him by the police officer. He accounted for the wounds on his left forearm by an old brush scar which had been irritated afresh shortly before his arrest (12 to 24 hours) in carrying rough crates in and about his employment.

We think the expert testimony of Doctor Williams was sufficient to warrant the court's implied finding that the defendant was a user of narcotics and that the use was both wilful and unlawful, and triable by the court below if it was a use committed within the County of San Diego, State of California, and further, that the officer's testimony as to defendant's extrajudicial admission was properly received. (*People* v. *Powell*, 34 Cal.2d 196, 203 [208 P.2d 974].)

However, we are unable to find in the record any evidence of the venue of the offense. Viewing the evidence in the light most favorable to the judgment, it may be said to have been proved that the scars, scabs, and discolorations observed by the doctor and testified to by the defendant had been brought to the condition observed by the doctor within 12 to 24 hours of the arrest and physical examination, but there is no evidence whatever that this use of the narcotic occurred in San Diego County. Just as likely could it have occurred in a neighboring county, state, or country.

Sufficient proof of the venue is necessary in every criminal case (*People* v. *Pollock*, 26 Cal.App.2d 602 [80 P.2d 106]), though it need not be proved beyond a reasonable doubt. (*People* v. *Bastio*, 55 Cal.App.2d 615 [131 P.2d 614].)

In 14 American Jurisprudence 921, section 221, Criminal Law, it is said: "It is fundamental that jurisdiction in criminal matters rests solely in the courts of the state or country in which the crime is committed (*Huntington* v. *Attrill*, 146 U.S. 657 [13 S.Ct. 224, 36 L.Ed. 1123]), and that the laws of each state or country exclusively govern the nature of the offense. (*Huntington* v. *Attrill, supra.*) ... He is subject in all respects to the law of the country within which the crime is committed and as that law existed at the time the crime was committed."

And further (§ 224, p. 924): "It is a universally accepted rule of law that the courts of one state or country will not execute the penal or criminal laws of another state or country, . . .. A local statute has no extraterritorial operation, . . .. (*United States* v. *Nord Deutscher Lloyd*, 223 U.S. 512 [32 S.Ct. 244, 56 L.Ed. 531].)"

"Note 19: A conspiracy in the United States to do acts in another jurisdiction does not draw to itself those acts and make them unlawful if they are permitted by the local law. (*American Banana Co.* v. *United Fruit Co.*, 213 U.S. 347 [29 S.Ct. 511, 53 L.Ed. 826].)"

█ Where, as here, the statute makes no reference to the place of performance of an act defined as a crime, it will be assumed that the Legislature did not intend to regulate conduct taking place outside the borders of the state. (*People* v. *Buffum*, 40 Cal.2d 709, 715 [256 P.2d 317].)

In *People* v. *Megladdery*, 40 Cal.App.2d 748 [106 P.2d 84], it was held on an extensive review of the authorities that the question of local jurisdiction is a question of fact to be resolved on the evidence. Pertinent principles may be quoted from that case (p. 762):

"While it is true that a defendant does not have a constitutional right to have his case determined by the jury of any particular county (*People* v. *Richardson*, 138 Cal.App. 404 [32 P.2d 433]), it is also true that our statutory law has determined, with certain exceptions, that an accused person is answerable only in the jurisdiction where the crime, or some part or effect thereof, was committed or occurred. (*People* v. *Wilson*, 86 Cal.App. 160 [260 P. 330]; secs. 777, 781, Pen. Code.) It is an elementary principle of our jurisprudence that the question of jurisdiction over the subject matter can never be waived nor conferred by consent. It seems quite clear to us, that, from the standpoint of logic, the question of jurisdiction, whether it be local or general jurisdiction, is fundamentally and necessarily a question of fact, and that in a criminal case, the burden of proving that fact rests on the prosecution. . . . Where this fact is not proved, the verdict is contrary to the evidence within subdivision 6 of section 1181 of the Penal Code and a new trial may be granted."

After reviewing many authorities and citing others, the court continues (p. 764): "From these cases it would appear that it is a settled principle of criminal law in this

state (and the same rule exists elsewhere—16 Cor.Jur., p. 530, sec. 997) that venue is a question of fact for the jury, and that the burden rests on the prosecution to prove this fact not beyond a reasonable doubt but by a preponderance of the evidence (*People* v. *Carter*, 10 Cal.App.2d 387 [52 P.2d 294]). Since this is so, it follows that failure to prove local jurisdiction falls directly within the meaning of subdivision 6 of section 1181 of the Penal Code.''

The People concede the rule and offer in support of the judgment that the defendant took the stand and failed to produce evidence of absence from the State of California or from the County of San Diego at the time when the marks were made, and, moreover, that his explanation of how the marks occurred evidenced a guilty mind. We do not agree. ■ A careful consideration of the settled statement reveals no evidence whatever that the possible use of narcotics by the defendant occurred in San Diego County.

The case is remanded for a new trial.

Turrentine, P. J., and Glen, J., concurred.