BISHOP, P. J.
 

 We find ourselves compelled to reverse the judgments because of an erroneous instruction, twice given, concerning the proof of venue. As will appear, the error was not technical, but adversely affected a proper defense.
 

 The identical charges in these cases were based upon these provisions of section 11721 of the Health and Safety Code: “No person shall unlawfully use or be addicted to the unlawful use of narcotics. . . . Any person convicted of violating any provision of this section is guilty of a misdemeanor. . . .” We should also have before us this irrelevant definition from section 11009 of the same code: “ ‘Addict,’ as used in this division [§§ 11000-11797] means a person who unlawfully uses, or is addicted to the unlawful use of, narcotics. ’ ’ Making a mixed use of these two code sections the complaint, in each of the cases under review, charged that the defendant, “on or about November 15,” “at and in Los Angeles City,” “was then and there a person who did wilfully and unlawfully use and be addicted to the unlawful use of narcotics.”
 

 Certain conclusions appear to us to be inescapable. The Legislature has effectively made it a misdemeanor for a person either (a) to make unlawful use of narcotics or (b) to be addicted to the unlawful use. One is an act, the other is a condition or status. They are not identical. It is as though a statute made it a public offense either to take a drink or be drunk in a public place. A person may make unlawful use of narcotics (for a short time) without becoming or being addicted to the use. He may, while addicted to the use, be in a city where he cannot obtain any narcotic and so does not make use of it there. As stated in
 
 Matter of Palmer
 
 v.
 
 Spaulding
 
 (1949), 299 N.Y. 368, 370 [87 N.E.2d 301, 302] ;
 
 *Supp. 857
 
 “ ‘Addicted’ is not a word of art. It is not a technical word at all. According to the lexicographers, it means strongly-disposed to some taste or practice or habituated, especially to drugs. But resort to dictionaries in situations like that now before us has for some reason been judicially deprecated at times and so we go on to the case law where occasions for defining the word ‘addicted’ have often occurred in the course of controversies respecting applications for insurance. Thus in
 
 Aetna Life Ins. Co.
 
 v.
 
 Davey
 
 (123 U.S. 739, 742 [8 S.Ct. 331, 31 L.Ed. 315]) the court said: ‘The inquiry as to whether the insured had ever been addicted to the excessive or intemperate use of alcoholic stimulants, and, whether, at the time of the application, he used alcoholic stimulants “often or daily” was, in effect, an inquiry as to his habit in that regard; not whether he used such stimulants or opium at all, but whether he used any of them habitually. If he was addicted to the excessive use of them, he was habitually
 
 intemperate;
 
 and to use them often or daily is, according to the ordinary acceptation of those words, to use them habitually. ’ Law writers ascribe to ‘addicted’ the same significance. Mr. Appleman says: ‘After all, a man is either temperate or intemperate, and in common parlance, a man is not intemperate unless he frequently drinks to excess. Even more elastic is the word ‘ ‘addicted. ’ ’ This, also in layman’s language, means a slave to.’”
 

 We think that it is clear that the Legislature has given an artificial meaning to “addict,” for it has put that label not alone on one who is addicted, but also on one who is an unlawful user even though he has not become addicted, that is to say, even though, in fact, he is not an addict. We do not question the right of the Legislature to make use of the word in this partially artificial way, but we wish to emphasize that nowhere is it declared that it is a misdemeanor to be an addict, nor was that term used in either complaint to charge a public offense against the defendants. Significantly, this was not always so. A reading of the sections that touch our problem, sections 11009, 11720 and 11721, from the Statutes of 1939, page 755 et seq., through Statutes of 1941, page 17 et seq. and Statutes of 1945, page 1839 et seq., reveals that at first punishment was prescribed for ‘ ‘narcotic addicts, ’ ’ who, by definition, were addicts in fact. Some purpose must have been in the minds of the legislators to have substituted the present provisions for those originally adopted. As already noted, the present statute makes it a misdemeanor
 
 *Supp. 858
 
 either to unlawfully use or to be addicted to the unlawful use, and that they fell in both classes, was the charge made against the defendants.
 

 The. trial court overlooked the facts we have just stated when it undertook to instruct the jury about the meaning of “addict,” a word with which they were not concerned. This statement of the trial court was correct enough, as applied to sections 11000 -11797 of the Health and Safety Code: “Now, an addict means a person who unlawfully uses or is addicted to the unlawful use of narcotics. Now, the use of these words by the Legislature, defining the narcotic addict, insofar as it applies to this case means as follows: An addict is one who unlawfully uses narcotics whether or not he is an addict, in fact. ’ ’
 

 It may be, that had the instructions gone no further, no prejudicial error would be presented, but they did not stop here. A bit later the jurors were advised: “Now, there has been a theory of the defendant throughout this trial concerning what the defendants term ‘venue.’ It is obvious from the definition of the term ‘addict,’ as I have just given it to you, that if you find the defendants, or either of them, as you consider each case separately, were apprehended in the City of Los Angeles and that if you further find that any such defendant unlawfully used narcotics, then you are advised that the proper venue has been established in his ease.” Sometime later, after the jury had begun its deliberations, it interrupted them to seek the trial court’s further instruction. The foreman spoke: “The jury would like clarification of your instructions on venue. In other words, is it necessary that the act of taking narcotics be proved to have occurred in the County of Los Angeles?” To which the trial court replied: “Under the former instructions of the Court, if you find that the defendants, or either of them, were addicts within the meaning of the instructions of the Court and the interpretations placed upon this status by the Court, the answer is no.”
 

 Plainly, the jurors were advised by the instructions given them, that they could find the defendants guilty even if they were not, in fact, addicted to the unlawful use of narcotics, provided they had used them, and that no proof of the place of use was needed if—as was the undoubted fact—they had been picked up by the police in Los Angeles City. But the last part of this advice was bad law. The decision of the San Diego Appellate Department, in
 
 People
 
 v.
 
 Garcia
 
 (1953) 122
 
 *Supp. 859
 
 Cal.App.2d Supp. 962 [266 P.2d 233], that a judgment, following a conviction on a charge of unlawfully using narcotics, had to he reversed because the place of use was not established by a preponderance of the evidence, is fully supported by the cases cited in the opinion.
 

 The evidence was such that the jury might, very well have concluded that neither defendant was, at any time involved in this case, in fact addicted to the use of narcotics, but that the case turned on that part of the charge that they had unlawfully used it. Their inquiry of the court concerning venue is consistent, to say the least, with this theory. A “not guilty” verdict because the only use shown by a preponderance of the evidence was outside of Los Angeles, was made impossible by the trial court’s combined instructions on the meaning of “addict” and the effect of the arrest within the boundaries of the city.
 

 Two other errors were committed and should be avoided on a new trial. Where, as in this case, the proof of either of two facts constitutes the offense charged, the jury should be instructed that all 12 must agree that one fact or the other is established; it will not do for part of them to agree on the existence of one fact, the rest of them concluding that the other fact alone was established.
 
 (People
 
 v.
 
 Scofield
 
 (1928), 203 Cal. 703, 710 [265 P. 914] ;
 
 People
 
 v.
 
 McMillan
 
 (1941), 45 Cal.App. Supp. 821, 830 [114 P.2d 440, 445];
 
 People
 
 v.
 
 Dutra
 
 (1946), 75 Cal.App.2d 311, 321-322 [171 P.2d 41, 47].)
 

 If, as appears likely, the question shall again be presented whether or not the arresting officers had reasonable cause to make the arrest, its determination should be made by the trial court and not left in whole or in part to the jury.
 
 (People
 
 v.
 
 Gorg
 
 (1955), 45 Cal.2d 776, 780-781 [291 P.2d 469, 471-472].) The testimony of the officer that an informant told him that the defendants were narcotic users, although properly received on the issue of the legality of the arrest, should not have been allowed to reach the ears of the jurors.
 

 In each case the judgments and the order denying the defendant’s motion for a new trial are reversed; the appeals from the nonappealable orders denying the motion in arrest of judgment and
 
 re
 
 bail are dismissed; the motion of the defendant for a reporter’s transcript, and other matters, is denied.
 

 Patrosso, J., and Kauffman, J., concurred.