[Crim. No. 2705.   Third Dist.   Dec. 18, 1956.]

THE PEOPLE, Respondent, v. MILLARD ACKLES,
Appellant.

Harold L. Abbott for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is an appeal from the judgment entered upon the jury's verdict which found appellant guilty of being addicted to the unlawful use of narcotics in Lassen County, in violation of section 11721 of the Health and Safety Code, and from the order denying a motion for a new trial.

Appellant travels as a booking agent for circuses. His wife frequently accompanies him. They testified that on November 19, 1955, they were driving from Redding to Las Vegas when appellant was stricken with severe pain which he attributed to a kidney ailment from which he had suffered for several years. Therefore, they stopped near Chester in Plumas County in order that appellant might relieve himself. He took a small amount of dolophine and induced urination by use of a hypodermic syringe which he carried for that purpose. Then appellant and his wife resumed their journey. However, appellant's pain persisted, so his wife prevailed upon him to stop in Susanville. He there consulted Dr. Priest to whom he complained of pain and passing blood upon urination. Appellant stated he needed depropanex and dolophine which had been prescribed by physicians who had treated him in the past. Dr. Priest testified that generally those drugs are not given for such a condition nor for self-administration and, further, that from his examination and observation of appellant, he concluded that appellant did not have a polyp nor any bladder or kidney obstruction but was feigning such ailment in order to obtain narcotics to which he was addicted. Therefore, he did not give appellant a prescription for dolo-

phine, but told him to go to the drugstore and that he would telephone ahead. The police were advised and awaited appellant's arrival at the drugstore. When appellant appeared he was placed under arrest. At that time he had upon his person an eye dropper, a hypodermic syringe, two needles, and a box marked "dolophine hydrochloride" which contained an empty bottle bearing a label which indicated that it had been filled in Idaho on August 28, 1955, upon a doctor's prescription. Appellant admitted to the chief of police that he had been a drug addict in the past, but denied having taken any narcotics in the five years immediately preceding his arrest except those prescribed for him for medicinal purposes. Appellant was held in custody for eight days before being released on bail. During that time he was examined by Dr. Priest and Dr. Henriques, each of whom testified that appellant was very nervous and was perspiring and that some of the many puncture wounds on his arms appeared to be fresh. The two doctors testified that they believed that appellant was in some stage of withdrawal from narcotics although he never manifested such acute symptoms as yawning, running eyes, excess saliva, vomiting, or diarrhea. However, an explanation for the absence of acute symptoms may be found in the fact that, upon Dr. Henriques' orders, appellant was given thorazine which is a sedative which tends to reduce or eliminate withdrawal symptoms. ■ Both Dr. Henriques and Dr. Priest testified that they believed appellant to be a drug addict because of his general appearance, nervousness, numerous puncture wounds, and the fact that their examinations failed to reveal the kidney ailment from which appellant claimed to be suffering. Such reasons furnished a sufficient basis for the doctors' opinions. Appellant's contention to the contrary cannot be sustained.

■ Likewise unsupportable is appellant's contention that the venue of the charged offense was not established. It may be conceded that there was no evidence that appellant had used any narcotics in Lassen County where he was tried and convicted. (*People* v. *Garcia*, 122 Cal.App.2d Supp. 962, 964 [266 P.2d 233].) However, venue in that county was established by the doctors' testimony as to his addiction therein. We are not here confronted with the situation presented in *People* v. *Thompson*, 144 Cal.App.2d Supp. 854 [301 P.2d 313], where, under the instructions given, the jury could have convicted the· defendant upon a finding that he illegally used narcotics not within, but without, the county.

The instructions in the instant case have not been included in the record on appeal. We must assume that the jury was properly instructed and that they found that appellant committed the charged offense in Lassen County. ▉ The evidence was sufficient to sustain a finding that appellant was addicted to the illegal use of narcotics at the time of his arrest. The fact that six months thereafter he may not have been so addicted is immaterial. Therefore, appellant was not prejudiced by the exclusion of evidence which might have so shown.

We have considered appellant's assignments of prejudicial misconduct upon the part of the district attorney and found them to be untenable. We think they do not require detailed discussion.

The judgment and the order are affirmed.

Peek, J., and Schottky, J., concurred.