Kirby J. HENSLEY, Petitioner,

v.

MUNICIPAL COURT, SAN JOSE–MILPITAS JUDICIAL DISTRICT, SANTA CLARA COUNTY, STATE OF CALIFORNIA, Respondent.

No. C–70 1276 RFP.

United States District Court,
N. D. California.

Aug. 2, 1973.

Peter R. Stromer, San Jose, Cal., for petitioner.

Louis P. Bergna, Dist. Atty., County of Santa Clara, Dennis Alan Lempert, Deputy Dist. Atty., San Jose, Cal., for respondent.

## ORDER

PECKHAM, District Judge.

This case is before this court on remand from the Supreme Court of the United States, to consider the petition for writ of habeas corpus. The Court reversed nullifying the prior Ninth Circuit rule that a person who was released on his own recognizance prior to the execution of a state sentence was not yet "in custody" within the meaning of 28 U.S.C. 2241(c)(3), 2254(a). Accordingly, this court must consider the merits of the petition.

In the Court's opinion, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), at footnote three, it was suggested that be-

fore the petitioner could raise his defenses that the imposition of criminal penalities in the instant case violated the first and fourteenth amendments to the United States Constitution, this court must determine whether there was a deliberate bypass of available state procedures. As shall become apparent, this court need not reach petitioner's contentions with respect to the first and fourteenth amendments for in this court's view there was not a deliberate bypass; the petitioner was denied a fair trial; and his conviction cannot stand.

Petitioner was charged with violation of Cal.Educ.Code § 29007 for awarding Doctor of Divinity Degrees without obtaining the necessary accreditation.[1] At the close of the government's case, and prior to having presented any defense, the petitioner through his counsel moved to dismiss the case on a number of grounds, including lack of jurisdiction. This part of the motion to dismiss was based on the claim that the offense committed, if at all, was committed in Modesto, California, and accordingly outside the local jurisdiction of the San Jose-Milpitas Judicial District. The trial court judge found that there was no jurisdiction in the court and then stayed all further proceedings indefinitely and exonerated the bail. At this time the petitioner and his counsel thought that the matter had been finally terminated in favor of the defendant. The motion staying all further proceedings was entered on May 19, 1969.

The next day the Deputy District Attorney noticed a motion to re-open the case. He notified the counsel for the petitioner by telephone. The motion was set for May 27, 1969. At that time the court removed its stay and calendared the motion to set aside the court's prior determination of lack of jurisdiction. No one appeared on behalf of the defendant but a memorandum in opposition to re-opening the case was filed by petitioner's trial counsel. The motion to set aside the prior finding of lack of jurisdiction was set down for June 11, 1969. At the June 11th hearing no one appeared on behalf of the petitioner. The court determined that it had jurisdiction pursuant to Cal.Penal Code § 781 (West 1973) governing offenses committed in multiple jurisdictions. It set aside its prior finding of lack of jurisdiction, re-affirmed that its prior order was a stay and not a dismissal, and denied the defendant's motion to dismiss in all other aspects, which the court apparently viewed as taken under submission as of the May 19th trial. Since the defendant had not yet presented his defense the matter was set for further trial on June 25, 1969 and the court ordered that notice to that effect be mailed to counsel for the defendant.

No one appeared at the June 25th further trial date on the defendant's behalf. The people having rested and no one appearing to enter a defense, the court deemed the matter submitted and found the defendant guilty in absentia. The matter was set over two days for sentencing. After defense counsel heard what had happened in his absence he requested that the sentencing be put over until July 1, 1969. At that time the defense counsel made a motion for arrest of judgment on the ground that his client had twice been put in jeopardy. He argued that irrespective of how the court afterwards sought to characterize its previous action, it had dismissed the case and 36 days later re-opened the case for further trial. He characterized the procedure as unheard of in California. He further stated that he had some twenty witnesses prepared to testify at the May 19th trial and had a rather elaborate defense to present, but was precluded from so doing. While he mentioned that he received notice that the

---

1. Petitioner claims that even under California law his activities were not illegal, since he only gave honorary degrees through his corporation, Universal Life Church, Inc., Cal.Educ.Code § 29001 (West 1973). He also claims that the corporation's activities are subject to exclusions and exemptions found in Cal.Educ.Code § 29020 (West 1973).

District Attorney was attempting to re-open the case, it is not certain whether counsel ever received notification that the trial had in fact been ordered reopened.

Trial counsel now testifies that he has no independent recollection of ever receiving notice that the matter would be set for further trial despite the notation in the clerk's minutes that a copy of the order was mailed to his office. What is perfectly clear from the record is that no one ever relayed the fact that the trial was going to be reopened to the petitioner himself. Although he had heard from his attorney that the District Attorney was going to attempt to re-open the case, his counsel told him that he thought the motion was entirely without merit and that there was no need to appear at the hearing on the motion to re-open.

It is clear, as a result of evidence elicited at this hearing, that the fact that the trial was going to be re-opened was never communicated to the defendant by his counsel or otherwise. Petitioner stated that if he knew the trial was to be re-opened, he would have been sitting outside of the courthouse door on the morning of the further trial.

■■ There is a serious doubt as to the ability of the trial court judge to find that he is without jurisdiction and

exonerate bail, allow the defendant and the witness to go home without any date certain to return, and at a subsequent date re-open the trial consistent with Double Jeopardy clause of the fifth amendment.[2] There is, however, a more basic reason why a writ of habeas corpus must issue. This defendant was never given the opportunity to present a defense. In light of the evidence now available to this court, and recent developments in the law, this court feels that the petitioner was deprived of important federal constitutional rights.

■ Recently in Bustamante v. Eyman, 456 F.2d 269 (9th Cir. 1972), the Court of Appeals for the Ninth Circuit speaking through Judge Ferguson expounded upon the rights of an accused to be present at all aspects of his trial. While the defendant in that case was accused of a felony, the thrust and logic of that decision indicates that the right to be present at all stages of the trial is a basic federal right which stems from the right of cross-examination and public trial. The court reversed the district court's finding that petitioner's absence from the courtroom while taped jury instructions were replayed, constituted harmless error. The court felt that the district court did not have sufficient information for it to make the determination. In holding that the right to be present at every stage of the trial is a

---

2. There is no doubt that the clause applies directly and in full force on the states of the Union. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) overruling Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). In Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963) the Court found it offensive to the double jeopardy clause when a district court upon motion of the prosecution dismissed a jury which was already selected and sworn, because the prosecutions' key witness could not be found Notwithstanding the fact that a new jury was impanelled two days later, the conviction had to be reversed. The Court distinguished that situation from one where the prosecution might have sought a continuance in the furtherance of justice. See Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Cf. United States v.

Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1970); Illinois v. Sommerville, 410 U. S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); United States v. Tinney, 473 F.2d 1085 (3d Cir. 1973).

Here rather than grant a continuance so that the District Attorney might have researched the law on jurisdiction which was his burden to prove to the court in any event, see People v. Garcia, 122 Cal.App.2d Supp. 962, 266 P.2d 233 (1953), the court found that it was without jurisdiction and exonerated bail. According to the interpretation that the District Attorney urges, the defendant was to be continued indefinitely in a state of anxiety and insecurity until the District Attorney adequately prepared his case. This court has difficulty reconciling this interpretation with the valid concerns of the Double Jeopardy clause.

federally guaranteed right, the court found that the right could not be waived except by disruptive conduct, Allen v. Illinois, 397 U.S. 337, 90 S.Ct. 1057, 25 L. Ed.2d 353 (1970), and *a fortiori* it could not be waived by the defendant's counsel. *See* Humphrey v. Cady, 405 U. S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972).

Nor is this court convinced that the fact that the charges for which petitioner stands convicted are classified under state law, as a misdemeanor takes the instant case out of the *Bustamante* holding. As the Court held in In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), the accused has a right to a "public trial", regardless of the state's classification of a crime, even though the state proceeding could only result in a 60 day incarceration. The Court said:

> A person's right to reasonable notice of a charge against him, *and an opportunity to be heard in his defense* —a right to his day in court—are basic in our system of jurisprudence . . . . *Id.* at 273, 68 S.Ct. at 507. (emphasis added).

Most recently the Court has shown increased unwillingness to indulge state law distinctions between misdemeanors and felonies where important federal rights are concerned. Accordingly, in Argersinger v. Hamlin, 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972) the Court extended the right to appointed counsel to any offense which might result in incarceration.

■ The petitioner's right to be heard in his own defense is a basic federal right available to all accused who stand in jeopardy of any incarceration. In re Oliver, *supra*. This right cannot be dispensed with, except upon a showing that the right is knowingly, intelligently, and voluntarily waived.[3] Indeed, if the logic of the *Bustamante* case is to be wholly applicable to all cases which could result in incarceration, it is possible that the presence of the defendant in the courtroom may always be required whether the defendant wishes to be present or not, and that his trial may not proceed without him unless after warnings, and despite the contempt power of the court, he continues to engage in disruptive conduct. *Allen, supra.*

■ On the basis of the record now before this court, it is apparent that petitioner was deprived of the right to offer a defense, and to be present in the court room through all stages of the proceeding. Nor is there any showing that the petitioner waived these rights in accordance with the constitutional standards for measuring such a waiver. *See* Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Accordingly, the petitioner is in custody in

---

3. Under California law, Cal.Penal Code § 1043(b) outlines the procedures a California court is to follow in the event that a defendant fails to appear at any time during the course of the trial. It reads:

> (b) If the defendant in a misdemeanor case fails to appear in person at the time set for trial or during the course of the trial, the court may, in its discretion:
> (1) Proceed with the trial *upon a finding that the defendant absented himself with full knowledge that the trial is to be held or is being held.*
> (2) Continue the matter.
> (3) Order bail forfeited or revoke release on the defendant's own recognizance.
> (4) Issue a bench warrant.
> (5) Do any one or more of the preceding as the court deems appropriate. (emphasis added)

No such finding was made by the trial court in this case.

The First Appellate Division of the Superior Court found that the issuance of the notice to counsel of further trial gave rise to an implied consent on the part of the petitioner to have the trial proceed in his absence. That court, however, was without benefit of the evidence elicited at the hearing upon the writ of habeas corpus, with respect to the issue of the notice to the petitioner. In determining whether a federal constitutional right has been waived, a state court must focus on the accused and not his counsel, Humphrey v. Cady, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), and must be sure that the consent is knowing, intelligent and voluntary. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

violation of the Constitution of the United States and the writ of habeas corpus must be granted, the conviction set aside,[4] and the petitioner must be released from custody forthwith.

4. It is unlikely that the petitioner can now be re-tried for the same offense consistent with the Double Jeopardy clause. See note 2, supra.