Opinion
YEGAN, J.
Kenneth Upton Crise was convicted in the Ventura County Municipal Court of being under the influence of an opiate. (Health & Saf. Code, § 11550.) He was placed on probation for 36 months on certain terms and conditions, inter alia, the service of 180 days in jail. He appeals and in this first impression case meritoriously contends that the police may not arrest him for a completed offense in one county, transport him to another county and there prosecute him because the second county does not have “statutory jurisdictional venue” of the offense. The judgment must be reversed and the matter remanded for further proceedings consistent with the views here expressed.
*Supp. 4 By felony complaint filed in the Ventura County Municipal Court, appellant was charged in count 1 with burglary of a commercial building located in the City of Camarillo, County of Ventura, on December 5, 1989. In count 2 he was charged with being under the influence of an opiate “in the above named judicial district,” i.e., Ventura County, on January 10, 1990. At the preliminary hearing, appellant was not held to answer on the burglary charge. Over defense objection the municipal court went forward with the prosecution on the misdemeanor under-the-influence charge.
On January 10, 1990, Ventura County Sheriff's officers arrested appellant in the County of Los Angeles for the Camarillo burglary. They did so pursuant to an arrest warrant issued by a magistrate in the County of Ventura. At the time of the arrest appellant “exhibited symptomatology consistent with a person being under the influence of a controlled substance.” Consistent with the magistrate’s command, appellant was arrested, brought to the County of Ventura and “booked” on the burglary offense. He was also “booked” on the under-the-influence offense.
The municipal court determined that it “had personal jurisdiction over the body of appellant, as well as subject matter and territorial jurisdiction over the crime, pursuant to Penal Code section 781.” The court denied appellant’s motion to dismiss the Health and Safety Code section 11550 charge but did strike the alternative language in the pleading of “use” of an opiate in the above-named judicial district, apparently on the theory that there was no evidence of actual “use” in the County of Ventura. (See People v. Garcia (1953) 122 Cal.App.2d Supp. 962 [266 P.2d 233].)
The Ventura County Municipal Court lacked “statutory jurisdictional venue” over the Health and Safety Code section 11550 offense. (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) § 1868, pp. 2207-2208; Pen. Code, § 1462 [“Each municipal and justice court shall have jurisdiction in all criminal cases amounting to a misdemeanor, where the offense charged was committed within the county in which such municipal . . . court is established. . . .”].) As indicated by our California Supreme Court, “. . . venue statutes must be construed in light of the importance historically attached to vicinage. At common law a defendant in a criminal action had a right to be tried by a jury drawn from the vicinage, i.e., the neighborhood, in which the alleged crime occurred. (Citation.)” (People v. Bradford (1976) 17 Cal.3d 8, 15 [130 Cal.Rptr. 129, 549 P.2d 1225], original italics.)
The municipal court was correct when it determined that it had subject matter jurisdiction over appellant personally. Even the illegal apprehension of a person charged with a public offense does not defeat personal *Supp. 5 jurisdiction. (People v. Leary (1974) 40 Cal.App.3d 527, 533 et seq. [115 Cal.Rptr. 85].) This rule, however, does not confer “statutory jurisdictional venue”.
The municipal court’s reliance upon Penal Code section 781 was erroneous. That section provides: “When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory.” (Italics added.) The purpose of Penal Code section 781 “is to broaden the rigid common law limits in cases where crimes are committed in more than one county by the same person. As a remedial statute, it must be liberally, not strictly, construed.” (People v. Hernandez (1976) 63 Cal.App.3d 393, 401 [133 Cal.Rptr. 745].) We must presume that appellant was actually under the influence of an opiate in Los Angeles County and thereafter in Ventura County. The offense, however, was complete in Los Angeles County. It was not committed “in part” in both counties. Even liberal construction of Penal Code section 781 should not be sufficient to swallow the general rule set out by the Legislature in Penal Code section 1462. Appellant did not voluntarily commit any act nor was he voluntarily under the influence of an opiate in the County of Ventura. Under actual arrest he was transported against his will to the County of Ventura. His only connection thereto was by handcuff.
By the trial court’s theory, any of the state’s 58 counties could be a lawful situs for prosecuting appellant if the arresting officers transported him there pursuant to warrant. We conclude that the Legislature never intended such a result.
Appellant could have been and should have been lawfully prosecuted for this offense in the County of Los Angeles, where his common law “vicinage” rights, “. . . preserved in the federal Constitution, the Sixth and Fourteenth Amendments guaranteeing a defendant in a state prosecution a right to be tried by a jury drawn from, and comprising a representative cross-section of, the residents of the judicial district in which the crime was committed” (People v. Bradford, supra, 17 Cal.3d at p. 15), would have been honored.
It appears that the court below and both parties were unaware of Penal Code section 1462.2 which, in pertinent part, provides: “If an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof other than the court herein designated as the proper court for the trial, the action may, notwithstanding, be tried in the court where *Supp. 6 commenced, unless the defendant at the time he pleads, requests an order transferring the action or proceeding to the proper court.”
Appellant “did not seek the remedy of transfer; the relief requested was an absolute dismissal—to which . . . [he] was not entitled.” (People v. Clark (1971) 17 Cal.App.3d 890, 898 [95 Cal.Rptr. 411].) He was, however, entitled to and had the right of transfer upon request. We are hesitant to find a knowing, voluntary, and intelligent waiver of the right to transfer where, as here, all parties and the lower court were unaware of the transfer provisions of Penal Code section 1642.2. There was simply no “intentional relinquishment or abandonment of a known right or privilege.” (Curry v. Superior Court (1977) 75 Cal.App.3d 221, 227 [141 Cal.Rptr. 884], quoting Johnson v. Zerbst (1938) 304 U.S. 458 [82 L.Ed. 1461, 58 S.Ct. 1019].) We also observe that in light of the trial court’s rulings, it is apparent the court did not “. . . at the time of arraignment, inform the defendant of his right to be tried in the district wherein the offense was committed [i.e., Los Angeles County].” (Pen. Code, § 1462.2.)
The judgment is reversed and the matter is remanded to the municipal court. Should appellant make a motion to transfer the action to Los Angeles County, within 30 days of the finality of this opinion, the motion is to be granted. Should he elect not to do so, the judgment is to be reinstated in its entirety.
Soares, P. J., and Lane, J., concurred.